**SIMS et al. v. STATE ex rel. ISENSEE et al.**
(No. 955–5079.)

Commission of Appeals of Texas, Section B.
Jan. 9, 1929.

Sydney P. Chandler and M. D. Brown, both of Corpus Christi, for plaintiffs in error.

Tarlton & Lowe, Kleberg & North, Linton S. Savage, and M. G. Eckhardt, Jr., all of Corpus Christi, for defendants in error.

LEDDY, J. This is a quo warranto proceeding attacking the validity of the Nueces county fresh-water supply district No. 1; it being alleged that said district was attempted to be organized under article 5107, §§ 180–184, Vernon's Civil Statutes 1922, now article 7881 et seq., R. S. 1925, and that the organization of said district was unconstitutional and void because the statutes providing therefor failed to afford an opportunity for the owners of property, within such district, to be heard on the questions of benefits to their property, resulting from such organization, and thereby arbitrarily imposed an illegal tax thereon without due process of law.

The judgment of the trial court sustained the validity and legality of the organization of said district, but the Court of Civil Appeals reversed and rendered said judgment, holding that the statute under which said district was organized was unconstitutional because in contravention of the due process clauses of the Constitutions of the state and the United States.

The writ of error was granted in this case upon the proposition that the General Validating Act of the Fortieth Legislature (chapter 58 of the General and Special Laws of the First Called Session of the Fortieth Legislature) was sufficient to validate this district.

In the case of Matlock v. Dallas County Arcadia Water Supply District No. 1 (Tex. Com. App.) 299 S. W. 398, we held, following the case of State ex rel. Merriman v. Ball, 116 Tex. 527, 296 S. W. 1085, that the statutes providing for the organization of fresh-water supply districts were unconstitutional and void. In that case, however, the effect of the Validating Act, passed by the Fortieth Legislature, was not considered, for the reason that the case was before this court on certified questions, and no question, with reference to said act, was included in the cer-

tificate of the Court of Civil Appeals. As this court is confined on certified questions to those included in the certificate, we were not authorized in that case to decide any question except the constitutionality of the act providing for the incorporation of freshwater supply districts.

Later, in the same case, the Court of Civil Appeals certified to the Supreme Court the question as to the effect of the Validating Act, passed by the Fortieth Legislature, and it was held, by Section A of the Commission of Appeals, that the organization of said district was in all things validated by said act. The Supreme Court adopted the opinion of the Commission of Appeals in that case, which we regard as decisive of the question before us. 12 S.W.(2d) 181 (not yet officially reported).

Under the authority of that case, the judgment of the trial court is correct; hence we recommend that the judgment of the Court of Civil Appeals be reversed and that of the trial court affirmed.

CURETON, C. J. The judgment of the Court of Civil Appeals is reversed, and that of the district court affirmed, as recommended by the Commission of Appeals.