## ALPHA PETROLEUM CO. v. GRAY.
### No. 10375.

Court of Civil Appeals of Texas. Galveston.

April 1, 1937.

Wm. N. Bonner, of Houston, for plaintiff in error.

CODY, Justice.

J. W. Gray brought this suit against the Alpha Petroleum Company in the district court of Trinity county. Citation was duly issued and served on defendant, returnable to the March term of court, 1935; and defendant seasonably filed its plea of privilege to be sued in Harris

county. Plaintiff filed a controverting affidavit on March 7, 1935, and on the same day his attorney, before ascertaining the date on which the contest of the plea of privilege would be heard, had the clerk issue the notice or citation to be served on defendant. Consequently, as issued by the clerk, both the original and copy commanded the sheriff or any constable of Harris county to summon defendant to appear on the ———— day of March, 1935, at the district court room in the courthouse of Trinity county; also, both the original and copy, when issued by the clerk, contained this recital, " * * * A controverting plea having been filed therein by J. W. Gray on the 7th day of March, 1935, and the court having noted upon such plea the following * * * and to notify it, and by the service of a true copy hereof it shall be and stand notified."

The original and copy of the form of notice as issued by the clerk contained, in the sheriff's "return," this recital: " * * * By delivering to the within named Alpha Petroleum Company, J. M. Campbell, Agent, a true copy of this notice a certified copy of the controverting plea and notation thereon accompanying such notice."

Plaintiff's attorney instructed some one in his office, after he had learned from the judge that March 25th was a convenient day on which to hear the contest of the plea of privilege, to fill in the blank spaces of the notice. The first blank space in the original of the notice was accordingly filled in to show that defendant should appear on "25th day of March, 1935," and its second blank space was filled in so as to indicate that the court had noted on the plea of privilege the following, "Set for March 25, 1935." Through an oversight the blank spaces in the copy of the notice were not filled in at all. The sheriff of Harris county served the notice on defendant by leaving with it the copy of the notice. But he changed the return on the original process to read, " * * * And executed the same in Houston, Harris County, Texas, on the 13th day of March, A. D. 1935, at 10:40 o'clock a. m. by summoning the Alpha Petroleum Company, a corporation, the within named defendant, by delivering to J. M. Campbell, Agent of the said Alpha Petroleum Company, in person a true copy of this writ."

Defendant did not appear on March 25, 1935, and the court overruled its plea of privilege. The court had not, in fact, made any notation. On the 28th day of March, the court rendered for plaintiff against defendant a default judgment. Well within the six-month period, defendant sued out a writ of error.

 The notice of the controverting affidavit as provided for in article 2008, R.S., is mandatory and jurisdictional. McGhee v. Maxey (Tex.Civ.App.) 230 S. W. 735; E. L. Witt & Sons v. Stith (Tex.Civ.App.) 265 S.W. 1076; 43 Tex. Jur. 826. The trial court was without jurisdiction to overrule the plea of privilege. Furthermore, the controverting affidavit was itself fatally defective; and plaintiff's petition was subject to a general demurrer; and the proof offered by plaintiff at the taking of the default judgment failed to show that plaintiff had any cause of action against defendant. Plaintiff in error is therefore earnestly insisting that the cause be here reversed and rendered on the merits. Defendant in error has made no appearance here, and filed no brief. While it seems highly unlikely that defendant in error can make a case against plaintiff in error, we have concluded that the rule established by the decisions of this state require the cause to be remanded, to afford plaintiff an opportunity to amend his petition. The court below is instructed to transfer the cause to the district court of Harris county.

Reversed and remanded with instructions.