SOUTH TEXAS DEVELOPMENT COMPANY ET AL. V.
MRS. MYRTA WILLIAMS ET AL.

No. 6907.  Decided June 30, 1937.
Rehearing overruled October 20, 1937.
(107 S. W., 2d Series, 378.)

*Sewell, Taylor, Morris & Garwood, Joseph W. Moore, R. E. Seagler* and *Fouts, Amerman & Moore,* all of Houston, for appellants.

This suit being an action to recover for the value of oil drained from the land by the defendants, which land plaintiffs claim to own, and for damages for the conversion thereof, is a suit for the recovery of lands or damages thereto or to prevent waste thereof, and must be brought in the county in which the land or a part of it is situated, and when a proper plea of privilege is filed must be brought in the county where the land lay. Art. 1995, Sec. 14, R. S. 1925; Tidal Oil Co. v. Grays, 54 S. W. (2d) 1043; Walter v. Hammonds, 42 S. W. (2d) 1084; Swift & Co. v. Duckett, 13 S. W. (2d) 237.

*W. B. Thomas,* of Groveton, for appellees.

Plaintiff always has a right to sue a party in his residence or domicile and in any other county where provided by the exceptions to the general rule, and the defendants could not object when sued either in their domicile or where the land is situated, and said plea of privilege is subject to a demurrer. Terrell v. Kohler, 48 S. W. (2d) 531; Thomason v. Ham, 210 S. W. 561.

MR. JUDGE GERMAN delivered the opinion of the Commission of Appeals, Section A.

This suit was instituted in the district court of Harris County, Texas, by Myrta Williams and others, plaintiffs, against South Texas Development Company and others, as defendants. Of the defendants named several were residents of Harris

County and two were residents of Montgomery County. All of the defendants filed what have been designated "pleas of privilege" to have the suit tried in the district court of Montgomery County. The certificate of the Court of Civil Appeals shows that the action is one affecting the title to real estate situated in Montgomery County within the purview of subdivision 14 of Article 1995 of the Revised Statutes.

A general demurrer was sustained to the various pleas of privilege by the trial court, presumably on the theory that as to the defendants residing in Harris County they could not insist upon the privilege of being sued in a county outside the county of their residence, and as to the defendants who resided in Montgomery County they could be required to submit to the suit in Harris County because of subdivision 29a of Article 1995. Defendants appealed, and the Court of Civil Appeals has certified to the Supreme Court the following question:

"The action being one affecting land located in Montgomery County within the purview of Section 14 of R. S. Article 1995, did that statute confer upon the appellants—in response to their pleas of privilege, which so expressly recited that they resided in Harris County—the right to be sued thereon only in Montgomery County, where the land lay?"

Subdivision 14 of Article 1995 is as follows:

"Suits for the recovery of lands or damages thereto, or to remove incumbrances upon the title to land, or to quiet the title to land, or to prevent or stay waste on lands, must be brought in the county in which the land, or a part thereof, may lie."

While this subdivision is not jurisdictional in the sense that it may not be waived, yet it is mandatory in the sense that when any one necessary defendant objects in proper time and manner to a trial of the cause in any county other than that in which the land is situated the cause must be transferred to that county. Russell v. Texas & Pac. Ry. Co., 68 Texas 646, 5 S. W. 686; Bender v. Damon, 72 Texas 92, 9 S. W. 747; Fort Worth & D. C. Ry. Co. v. Jenkins, 29 S. W. 1113; Black v. Black, 82 S. W. (2d) 1073.

The question was properly raised by defendants' formal pleas of privilege. Shell Petroleum Corporation v. Grays, 122 Texas 491, 62 S. W. (2d) 113; Knoles v. Clark, 163 S. W. 369.

We answer the question certified in the affirmative.

Opinion adopted by the Supreme Court June 30, 1937.

Rehearing overruled October 20, 1937.