# W. A. Tunstill et al v. Naomi Scott.

No. 7806.  Decided March 11, 1942.
(160 S. W., 2d Series, 65.)

*H. S. Lattimore* and *John A. Scott,* both of Fort Worth, for appellants.

*Clark & Stegall, Clarke, Craik, Burns & Weddell,* all of Fort Worth, for appellees.

MR. PRESIDING JUDGE SMEDLEY delivered the opinion of the Commission of Appeals, Section B.

The Court of Civil Appeals for the second district has certified to this court two questions arising from two orders overruling pleas of privilege.

The facts stated in the certificate and shown by the transcript are in substance as follows: Appellee, Naomi Scott, filed suit in a district court of Tarrant County against appellants W. A. Tunstill and wife, Eula Tunstill, and G. G. Tunstill, alleged to be residents of Tarrant County, and G. A. Tunstill, alleged to be temporarily residing in Harris County. The facts averred in the petition are that plaintiff owned certain lands in Gregg County and that defendant G. A. Tunstill fraudulently induced her to execute deeds by which the land was conveyed to him, falsely representing that it was necessary that the land be conveyed to him in order that he, as her attorney, could establish and protect her rights and interests; that thereafter G. A. Tunstill conveyed the land to defendants W. A. Tunstill and wife, Eula Tunstill, and G. G. Tunstill, the father and mother and brother of G. A. Tunstill, who knew that the deeds to G. A. Tunstill had been fraudulently procured, and to various other persons unknown to plaintiff; that defendants have received from the land oil runs and large sums of money that they unlawfully withhold from plaintiff, to her damage in the sum of $75,000.00; that if defendants have parted with title to the property, plaintiff should have an accounting from them for all sums realized therefrom by sales of mineral rights, royalties and oil and judgment for the value of the property; that by the acts of the defendants she has been damaged in the sum of $75,000.00, which she is entitled to recover from them jointly and severally. The prayer is for judgment cancelling the deeds, for accounting, and for judgment for damages against defendants jointly and severally.

Defendant G. A. Turnstill filed a plea of privilege in statutory form to be sued in the county of his residence, Harris County. Plaintiff by controverting affidavit alleged, as facts relied upon to confer venue of the cause on the district court of Tarrant County, that by defendant's representations and acts in procuring the deeds fraud was committed in Tarrant County within the meaning of subdivision 7 of Article 1995, and that because three of the defendants, W. A. Tunstill, Eula Tunstill and G. G. Tunstill were residents of Tarrant County and necessary and proper parties to the suit, venue was properly laid in Tarrant County under subdivision 4 of Article 1995. After trial of the issues made by the filing of the controverting affidavit, the district court overruled the plea of privilege, finding that the deed from plaintiff to Eula Tunstill conveying seven and one-fourth acres was made as a matter of convenience and to expedite the handling of plaintiff's interest in the property, that plaintiff received no consideration therefor and was entitled to an accounting from each of the defendants for the revenues, proceeds and profit received by them from the land, and that plaintiff had the right under subdivision 4 of Article 1995 to maintain her suit in Tarrant County as to all of the defendants. The court further found that it was not necessary to make a finding as to the allegations of fraud contained in the controverting affidavit.

On appeal by G. A. Tunstill from the order overruling his plea of privilege, the Court of Civil Appeals held that the plaintiff failed to prove on the hearing of the plea of privilege that she had a cause of action against the defendants who resided in Tarrant County, reversed the trial court's order overruling the plea, and rendered judgment ordering that the cause in its entirety be transferred to the district court of Gregg County "because the primary purpose of plaintiff's case is to cancel and annul all deeds, conveyances and instruments in writing executed by her, and affecting the title to her lands in Gregg County, Texas * * * We are without authority to transfer the cause to Harris County, because the suit cannot be tried by piecemeal." 120 S. W. (2d) 274.

Immediately after the papers in the case were filed in the district court of Gregg County, defendants, W. A. Tunstill, Eula Tunstill and G. G. Tunstill each filed a plea of privilege in statutory form to be sued in Tarrant County. Plaintiff, Naomi Scott, filed no controverting affidavits to these pleas. The district court of Gregg County overruled the pleas of privilege,

with the recital in the order that the time allowed by statute for filing controverting affidavits had passed and that the pleas should be sustained but for the judgment of the Court of Civil Appeals by which the entire cause had been transferred to Gregg County.

From the order of the district court of Gregg County overruling their pleas of privilege, said defendants appealed to the Court of Civil Appeals at Texarkana and the cause was transferred to the Court of Civil Appeals for the second district, which deemed it necessary to certify the following questions:

"(1) Having construed the plaintiff's petition to state a cause of action falling within subdivision 14 of Article 1995, Revised Civil Statutes, did the Court of Civil Appeals have the authority to order the cause transferred to the district court of Gregg County, when neither the defendant, who presented a plea of privilege to be sued in Harris County, where he resides, nor any other defendant prayed for the cause to be transferred to Gregg County?

"(2) If you have found that the order made by the Court of Civil Appeals transferring the suit to Gregg County, was one that such court had the authority, under the facts, to make, then did the pleas of privilege filed by the defendants, who reside in Tarrant County, in the absence of any controverting plea on the part of the plaintiff, require, as a matter of law, that the district court of Gregg County sustain such pleas?"

■ Article 2008 provides that after the filing of a controverting affidavit the judge shall note thereon a time for the hearing on the plea of privilege and that the hearing "unless the parties agree upon the date, shall not be had until a copy of such controverting plea, including a copy of such notation thereon, shall have been *served on each defendant,* or his attorney, for at least ten days exclusive of the day of service and the date of hearing, after which the court shall promptly hear such plea of privilege and enter judgment thereon." We have emphasized the words "served on each defendant," for their use plainly shows that when there are two or more defendants and one of them files a plea of privilege to which a controverting affidavit is filed, service of a copy of the affidavit on all of the defendants, not merely on the one who filed the plea, is necessary. The requirement of service is jurisdictional. Without the service, and there being no waiver of it, the court has no jurisdic-

tion, over the defendant not served, to enter an order overruling the plea. Alpha Petroleum Co. v. Gray, 103 S. W. (2d) 1047; Scruggs v. Gribble, 41 S. W. (2d) 643; Panther Oil & Grease Mfg. Co. v. Crews, 124 S. W. (2d) 436; Craig v. Pitman & Harrison Co. (Com. App.) 250 S. W. 667, 670.

We believe that it is apparent from the record before us that there was no service of a copy of plaintiff's controverting affidavit on any other defendant than G. A. Tunstill, by whom the plea of privilege was filed. The prayer of the controverting affidavit is that the plea of privilege be heard after notice to the defendant G. A. Tunstill. The order of the district court overruling the plea of privilege contains no recitals of service. It makes reference to the plea of privilege and the controverting plea filed by plaintiff and states that after hearing the pleas and evidence the plea of privilege is overruled, and that the defendant G. A. Tunstill excepts and gives notice of appeal. The findings made by the district court contain a long statement about issuance of notices for service on G. A. Tunstill and of the service finally made on him, but make no mention of the issuance of notice to the other defendants or of any service on them. G. A. Tunstill's bond filed in perfecting appeal from the order overruling the plea of privilege is payable only to the plaintiff.

When the venue was challenged by G. A. Tunstill's plea of privilege, the burden was thereby placed upon plaintiff, both by pleading and by proof offered on the hearing, all in the manner prescribed by the statute, to bring the case within one of the exceptions and thus to establish the right to maintain venue in the county in which the case was pending. And in view of the provision of Article 2008, that no hearing of the plea of privliege shall be had when a controverting affidavit has been filed until each defendant has been served with a copy of the affidavit, it was incumbent upon plaintiff, in order to make the trial court's order on the hearing, and the judgment of the Court of Civil Appeals on appeal from that order, binding on all of the defendants, to cause copies of the controverting affidavit to be served on all of them. Service being a jurisdictional requirement, the defendants not served were not parties to the hearing, although two of them had filed formal answers to the merits before the plea of privilege was heard.

Appellee states in her briefs that the defendants, appellants herein, were present in the court room and participated in

the hearing of the plea of privilege filed by G. A. Tunstill, and further that W. A. Tunstill testified at the hearing of the plea. It is not said that they executed formal waiver of service or that they were represented by counsel in the hearing or that they had any part in directing it. The contention is made that because of their participation in the hearing said defendants were bound by the judgment of the Court of Civil Appeals directing that the entire cause be transferred to Gregg County. The record before us, which consists of the certificate from the Court of Civil Appeals and the transcript prepared by the clerk of the district court of Gregg County, contains no evidence of participation by defendants W. A. Tunstill, Eula Tunstill and G. G. Tunstill in the hearing of the plea of privilege. But, accepting the statements made in plaintiff's briefs, we are of the opinion that the mere presence of the defendants in the court room and the action of one or more of them in testifying as witness or witnesses would not constitute such participation in the hearing as to make them in effect parties to it and would not be proof of waiver of the required service.

After having found that plaintiff failed to prove the allegations in her controverting affidavit, the Court of Civil Appeals, instead of sustaining G. A. Tunstill's plea of privilege and transferring the cause, at least as to him, to Harris County, rendered judgment directing that the cause in its entirety be transferred to Gregg County, because it concluded that the suit is one affecting title to land and can be tried only in Gregg County where the land is situated.

■ The established rule as to transferring a cause when the plea of privilege of one of several defendants is sustained is stated by Chief Justice Alexander, when Justice of a Court of Civil Appeals, in Johnson v. First National Bank of Brenham, 42 S. W. (2d) 870, as follows:

"The rule seems to be that, where one of several defendants files a plea of privilege to be sued in the county of his residence, and the plea is sustained, if the cause of action is a joint action growing out of joint liability of all the defendants, the suit must be transferred as an entirety to the county of the residence of the defendant whose plea is sustained. On the other hand, if the cause of action against the several defendants is severable, or joint and several, the court should retain jurisdiction over the action in so far as it concerns the defendants whose pleas of privilege have not been sustained, and should

transfer the suit in so far as it concerns the defendant whose plea is sustained."

See also Article 2020, Revised Civil Statutes of 1925, as amended by Chapter 177, Acts Regular Session 43rd Legislature, 1933, p. 546; Comer v. Brown (Com. App.) 285 S. W. 307; Standard Accident Ins. Co. v. Pennsylvania Car Co., 15 S. W. (2d) 1081; Jackson v. United Producers Pipe Line, 33 S. W. (2d) 540; Behannon v. Texas Refining Co., 78 S. W. (2d) 1017; Texas Mutual Reserve Life Ins. Co. v. Ormand, 115 S. W. (2d) 776.

After plaintiff, on the trial of the plea of privilege, failed to sustain the allegations made in her controverting affidavit as grounds for venue in Tarrant County, the district court should have sustained G. A. Tunstill's plea to be sued in Harris County, retained jurisdiction of the cause in so far as it concerns the defendants other than G. A. Tunstill, and transferred plaintiff's suit against G. A. Tunstill to Harris County. This is true because the procedure followed, after the controverting affidavit was filed, in hearing the plea of privilege as a contest between plaintiff and G. A. Tunstill, without service of copies of the affidavit on the other defendants, worked in effect a severance. It is our opinion further that the cause of action alleged in the petition is severable, or joint and several. We believe plaintiff's petition makes the suit primarily a tort action for the recovery of damages jointly and severally against defendants on account of alleged fraudulent acts by which plaintiff was deprived of her property and its value. Cancellation of deeds and recovery of title is sought only if, and in so far as, title to the property remains in the defendants and has not been conveyed to persons not parties to the suit. However, even if the suit is considered as being in part for recovery of land or to remove incumbrances upon title or to quiet title, the suit, as to G. A. Tunstill on the one hand and the other defendants on the other hand, is severable because the cause of action alleged against G. A. Tunstill is for damages and not for recovery of land. According to the allegations of the petition, he did not retain title to the land but conveyed the land and all of the interest in it that had been owned by plaintiff to defendants W. A., G. G. and Eula Tunstill and to various other persons unknown to plaintiff.

Even if the suit is correctly classified as one within the terms of subdivision 14, the Court of Civil Appeals should not

have rendered judgment transferring the cause to Gregg County. There was no pleading to support that judgment. No party to the suit sought by pleading to have the cause transferred to Gregg County. Subdivision 14 of Article 1995, which provides that suits for the recovery of land, etc., must be brought in the county where the land may lie relates to venue and is not jurisdictional. Every district court has jurisdiction over the subject matter of such suits; and since the requirement is one of venue or privilege, and is not jurisdictional, it may be waived. De La Vega v. League, 64 Texas 205, 214; South Texas Development Co. v. Williams, 130 Texas 217, 107 S. W. (2d) 378; State v. Patterson, 40 S. W. 224; Wolf v. Willingham, 43 Texas Civ. App. 167, 94 S. W. 362; Lanier v. Looney, 2 S. W. (2d) 347 (application for writ of error refused). As said in the case last cited, this statute "merely furnishes a venue privilege of which a party may avail himself."

By reason of the use of the word "must," subdivision 14 is mandatory in the sense that "whenever the purpose of the suit is within the purview of that subdivision *and a proper plea of privilege is urged*" it prevails over other subdivisions, the language of which is permissive only. Liles v. McDonald, 63 S. W. (2d) 886. See also Norvell v. Stovall, 95 S. W. (2d) 1313; Jones v. Ford, 118 S. W. 333.

The opinion written by Judge German in South Texas Development Co. v. Williams, 130 Texas 217, 219, 107 S. W. (2d) 378, contains an accurate statement of the other sense in which subdivision 14 is mandatory. It is: "While this subdivision is not jurisdictional in the sense that it may not be waived, yet it is mandatory in the sense that when any one necessary defendant *objects in proper time and manner* to a trial of the cause in any county other than that in which the land is situated, the cause must be transferred to that county."

As indicated by the words which we have emphasized in the quotations made above, the courts have been careful in construing subdivision 14 to point out that it is mandatory and will prevail against venue in the county in which the plaintiff has elected to file the suit only when a proper plea of privilege is urged or when a defendant objects in proper time and manner to the trial of the case in any other county than that in which the land lies. The conclusion that the right to have the case transferred must be invoked by pleading is both supported and compelled by the decisions cited which hold that

subdivision 14 is not jurisdictional, but relates to venue or privilege. The question presented by the pleadings for the court's decision was whether the case should be transferred to Harris County because of G. A. Tunstill's plea of privilege to be sued in that county or should be retained in Tarrant County by reason of the facts alleged in plaintiff's controverting affidavit.

It has been held that "when a person files a proper plea of privilege setting out the county of his residence, and, upon hearing the plea of privilege is sustained, the trial court must transfer the cause to the county of the defendant's residence and none other," even though the plaintiff might have brought the suit originally in some other county under a subdivision of Article 1995. Sun Oil Co. v. Wright, 87 S. W. (2d) 524. See also Great Southern Life Ins. Co. v. Goerner, 106 S. W. (2d) 750. The decisions last cited did not involve subdivision 14 but they are a correct construction of Articles 2007 and 2008. These articles of the statute prescribe the pleadings and procedure for the trial of questions of venue, including the venue privilege given by subdivision 14. Shell Petroleum Co. v. Grays, 122 Texas 491, 62 S. W. (2d) 113; Jeffries v. Dunklin, 131 Texas 289, 115 S. W. (2d) 391; Pena v. Sling, 135 Texas 200, 140 S. W. (2d) 441, 128 A. L. R. 1223.

Our conclusion that the Court of Civil Appeals should not have rendered judgment transferring the cause to Gregg County because there was no pleading to support that judgment is not in conflict with the three decisions last cited. In each of those cases a defendant filed a plea of privilege to have the cause transferred to the county in which the land was situated. In Jeffries v. Dunklin, supra, the defendant, who resided in the county where the land was situated, filed a plea in the language of the statute claiming the privilege to be sued in the county of his residence but containing no allegation that the privilege was claimed because the land lay in that county. It was held that the plea of privilege in that form was sufficient to invoke venue as defined in subdivision 14. It was not held in that case, or in either of the other two cases last cited, that a court may transfer a suit for the recovery of land to the county where the land is situated in the absence of a plea asserting the privilege of venue in that county.

We answer the first of the certified questions as follows: Even if plaintiff's petition is correctly construed as alleging a

cause of action within the terms of subdivision 14 of Article 1995, the judgment of the Court of Civil Appeals transferring the cause to Gregg County was as to defendants W. A. Tunstill, Eula Tunstill and G. G. Tunstill of no effect, because they were not made parties to the hearing on the plea of privilege in district court by service of copies of the controverting plea and were not parties to the appeal. As to G. A. Tunstill, however, the judgment of the Court of Civil Appeals was erroneous, because it was not supported by pleading, but it was not rendered without jurisdiction over him. He was a party to the hearing in district court and a party to the appeal.

Our answer to the second of the certified questions is: The district court of Gregg County should have sustained the pleas of privilege filed by W. A. Tunstill, Eula Tunstill and G. G. Tunstill and transferred the case in so far as it concerns said defendants to the district court of Tarrant County.

Appellee makes the contention that the questions certified should not be answered and that the certificate from the Court of Civil Appeals should be dismissed because the transcript was not filed in that court within the time required by law and appellee's motion to affirm on certificate should have been granted. The proposition presents a question of law which has has not been certified by the Court of Civil Appeals and the Supreme Court has no jurisdiction to decide it, even though it relates to jurisdiction of the Court of Civil Appeals. Articles 1851, 1756, Revised Civil Statutes of 1925; Slater v. Ellis County Levee Improvement District, 120 Texas 272, 281, 36 S. W. (2d) 1014; Snyder v. Baird Independent School District, 102 Texas 4, 11, 111 S. W. 723; Turman v. Turman, 123 Texas 1, 9, 64 S. W. (2d) 137; Simms v. State ex rel Isensee, (Com. App.) 12 S. W. (2d) 540.

Opinion adopted by the Supreme Court March 11, 1942.