## HAMILL v. KITCHEN et al.
### No. 5647.

Court of Civil Appeals of Texas. Amarillo.

Sept. 25, 1944.

Bradley & Wilson, of Lubbock, for appellant.

Nelson & Brown, of Lubbock, Tom Garrard, of Tahoka, and V. J. Campbell, of Post, for appellees.

HEARE, Justice.

This is an appeal from the judgment of the District Court of Garza County overruling the appellant's plea of privilege to be sued in Lubbock County.

By deed dated January 5, 1927, L. W. Kitchen conveyed certain land situated in Hockley County, Texas, to Allie Jennie Lamond. The land was originally a part of the Haskell County school land. The deed from Kitchen to Lamond recited a consideration of $7350, paid and secured to be paid by the payment of $3000 cash, the assumption of the payment of a note to Haskell County in the amount of $659.07, the assumption of the payment of a note to E. W. Miller in the amount of $221.40, and the execution of a series of thirteen vendor's lien notes, the first three for $147 each, the next nine for $200 each, and the last note for $232, one of these thirteen notes falling due each consecutive year from 1929, running through 1941. These thirteen notes were, by their terms, made payable to the order of L. W. Kitchen at Post, Texas. They were signed by both the grantee, Mrs. Allie Lamond, and her husband, John Lamond. The vendor's lien was retained in the deed and acknowledged in the notes.

On September 17, 1941, the appellee Kitchen filed this suit against Allie Jennie Lamond and her husband, John Lamond, in the District Court of Garza County, alleging that the first eight of the series of thirteen notes had been paid but that the remaining five were in default. The plaintiff sought a personal judgment against both defendants for the debt, including interest, attorney's fees, and costs of suit, and a foreclosure of the vendor's lien. John Lamond died intestate July 11, 1942, and no administration has been had on his estate. Allie Jennie Lamond executed a general warranty deed, dated January 27, 1944, to the appellant, T. D. Hamill, describing the land in question. She recited in the deed that she claimed the land as

her separate estate but that also, as community survivor, she conveyed any community interest of her deceased husband. The consideration recited in the deed was the sum of $2500 cash, the assumption by the grantee of the payment of the indebtedness due Haskell County, and the assumption of delinquent taxes, if any, against the land. The deed further recited "and the further consideration that the grantee takes said land subject to a vendor's lien indebtedness thereon, consisting of Notes 9, 10, 11, 12 and 13, dated January 1st, 1927, aggregating the principal sum of $1032.00, together with accrued interest thereon since January 1st, 1927, and attorney's fees thereon, and subject to suits pending in the Courts with reference to said notes, which were originally given to L. W. Kitchen, but the ownership of said notes being now in controversy in a garnishment suit, and said notes having also been sued upon by the said L. W. Kitchen, such suits being now pending at Lubbock, Texas, and at Post, Texas."

Later, three of Allie Jennie Lamond's four children joined her in a similar deed to Hamill, and the fourth child executed a separate deed to Hamill. These last two deeds contained the same recited consideration as the first one. After all deeds were placed of record in Hockley County, the appellee Kitchen filed his first amended original petition and was joined as a plaintiff by Commercial Credit Company to whom he had assigned a $2500 interest in the cause of action. Allie Jennie Lamond, alleged to be a resident of Garza County, and T. D. Hamill, alleged to be a resident of Lubbock County, were named in the amended petition as defendants. The plaintiffs prayed for a personal judgment for the debt against Allie Jennie Lamond and for establishment and foreclosure of the vendor's lien on the land as against both defendants. Mrs. Lamond filed an answer and the defendant Hamill duly filed his plea of privilege to be sued in Lubbock County. The plaintiffs filed their controverting plea and notice thereon was served on Hamill but was not served on Mrs. Lamond or her attorney. At the hearing on the plea of privilege Mrs. Lamond testified as a witness and her attorney was in the courtroom but they took no other part in the proceedings except, in response to questions by the court and appellant's counsel, they stated that the attorney was employed by her to "look after her interest in the whole case" and that "we haven't had anything

to do with this Plea of Privilege business. * * * We are insisting on having the case tried here. We take the position, as far as the plea of privilege is concerned, that is between the plaintiff and this court. We filed an answer in the case."

The appellant predicates his appeal on two points. By the first point he challenges the jurisdiction of the trial court to hear and pass on the plea of privilege in the absence of service of the controverting plea on his codefendant, Allie Jennie Lamond, or a waiver of such service by her. By the second point he questions the correctness of the judgment of the trial court which overruled his plea of privilege.

The first question for determination is whether the trial court had jurisdiction to hear and determine the issue of venue raised by the plea of privilege. Among the provisions of Article 2008, R.C.S.1925, it was required that in the absence of an agreement of the parties, a hearing on a controverting plea to a plea of privilege should not be had "until a copy of such controverting plea, including a copy of such notation thereon, shall have been served on each defendant, or his attorney, for at least ten days * * *." Compliance with this requirement was held to be mandatory and jurisdictional in so far as it affected the defendant filing the plea of privilege. Scruggs v. Gribble, Tex.Civ.App., 41 S.W. 2d 643; Alpha Petroleum Co. v. Gray, Tex. Civ.App., 103 S.W.2d 1047. Likewise, the requirement of service was held to be jurisdictional, and "without the service, and there being no waiver of it, the court has no jurisdiction, over the defendant not served, to enter an order overruling the plea." Tunstill v. Scott, 138 Tex. 425, 160 S.W.2d 65, 68. But in the last-cited case, it was held that the plaintiff having failed to sustain the allegations made in her controverting affidavit as grounds for venue in Tarrant County, the district court should have sustained G. A. Tunstill's plea to be sued in Harris County and retained jurisdiction of the cause in so far as it concerned the other defendants, (being the ones not served). In Pope v. Litwin, Tex. Civ.App., 57 S.W.2d 1105, 1106, the appealing defendant Pope, whose plea of privilege had been overruled, contended that the court was without authority to pass on the plea of privilege and to overrule the same, because a copy of plaintiff's controverting affidavit with the judge's notation thereon was not served on his codefendant Witter. Justice Alexander,

speaking for the Court of Civil Appeals at Waco, cited the requirement of Article 2008 for service of the controverting affidavit on each defendant, and stated:

"We are of the opinion, however, that such provision refers to the defendants only who have filed pleas of privilege, and that a defendant who has been duly served with such notice or who has entered his appearance for a hearing on the plea of privilege cannot complain for the lack of such service on his codefendant. We do not see how the appellant, Pope, has been injured by the failure to serve Witter with a copy of the controverting affidavit. Pope alone filed the plea of privilege. He entered his appearance for the purpose of a hearing, and had full knowledge that the plaintiff was controverting his plea of privilege. None of his rights has been cut off by the failure to notify Witter. It would not have aided his purpose in the least nor benefited him in any manner to have had Witter notified.

"It would be more reasonable to assume that the defendant Witter has a right to complain of the lack of such service. However, he has not only failed to complain, but could not show injury should he choose to do so. He made default, and thereby signified his willingness to have the suit tried in Bexar County."

Article 2008 was repealed in part by the adoption of the Texas Rules of Civil Procedure, and Rule 87 supplants the pertinent part of the Article. See Acts, 46th Legislature, 1939, Ch. 25, p. 201, Sec. 3, Vernon's Ann.Civ.St. Art. 1731a, § 3, and the enumeration by the Supreme Court of repealed statutes following Rule 822, Texas Rules of Civil Procedure; Vernon's Texas Rules of Civil Procedure, pp. 628, 629. Rule 87 provides, in part, as follows:

"Such hearing (on the controverting plea), unless the parties agree upon the date, shall not be had until a copy of such controverting plea, including a copy of such notation thereon, shall have been mailed by registered mail to the defendant or his attorney at the postoffice address stated in such plea of privilege, or shall have been delivered to defendant or his attorney, at least ten days before the date set for hearing, after which the court shall promptly hear such plea of privilege and enter judgment thereon."

■ Rule 86 sets out the requirements of a plea of privilege and provides that the party claiming such privilege "shall state

the county of his residence, and the post office address of himself or his attorney." Thus, it will be observed that the statute requiring service of the controverting plea *on each defendant,* or his attorney, has been repealed and the present rule requires only that notice shall be mailed *to the defendant* or his attorney *at the post-office address stated in the plea of privilege,* or delivered to the defendant or his attorney in person. The "defendant" referred to in this rule is undoubtedly the defendant filing the plea of privilege, because the only post-office address required to be stated in the plea is that of the defendant claiming the privilege, or that of his attorney. We therefore reach the conclusion that if it ever was the law that a defendant could take advantage of the lack of notice of a controverting plea to a non-complaining codefendant (and this seems extremely doubtful in the light of the authorities cited above), the change of the wording "served on each defendant," as contained in Article 2008, to the wording "mailed to the defendant or his attorney at the postoffice address stated in the plea of privilege, or delivered to the defendant or his attorney in person," as set out in Rule 87, clearly indicates an intention to confine the jurisdictional requirement of service of a formal notice of a controverting plea to service on the defendant whose plea of privilege it controverts.

■ It is conceivable that there will be cases where it will be essential for other defendants to be furnished with copies of the pleadings between a plaintiff and a defendant joining issue on the question of venue. Rule 62, Texas Rules of Civil Procedure. It might even amount to an abuse of discretion by the trial court to conduct a hearing thereon without first requiring such notices but, in our opinion, the requirement is not jurisdictional. In the instant case we have a defendant who complains that his codefendant was not formally notified of the controverting plea. This codefendant not only makes no complaint of the lack of notice to her, but states in open court that she is insisting that her case be not moved from Garza County. We are of the opinion that the trial court had jurisdiction over the appellant to hear and pass on the venue question raised by appellant's plea of privilege and the controverting plea. We therefore overrule the first point relied on by appellant for a reversal.

The remaining question in this appeal is whether the appellant's plea of privilege

to be sued in Lubbock County was properly overruled. The record reveals that the vendor's lien notes sued on were, by their terms, payable in Garza County; that the defendant, Allie Jennie Lamond, a widow, resides in Garza County; that the appellant Hamill resides in Lubbock County; and that the land is located in Hockley County. The notes were given as part of the consideration for the conveyance of the land by the appellee Kitchen to the defendant, Allie Jennie Lamond, and were signed by her and her now deceased husband, John Lamond.

Appellant contends that Mrs. Lamond was, by reason of coverture at the time of the signing of the notes, not personally liable thereon; that she has conveyed all her interest in the land to appellant and she is, therefore, not a necessary party to the suit; that appellant did not assume the notes but merely took title to the land subject to the notes and he is therefore entitled to be sued in his home county of Lubbock.

We find it unnecessary at this time to pass on the question of personal liability of Mrs. Lamond on the notes. It is the well-settled law in Texas that a married woman's note, given for purposes not specifically authorized by statute, is only voidable, not void. She may, at her option, plead coverture and thereby preclude personal liability, or she may waive this defense. Leake v. Saunders, 126 Tex. 69, 84 S.W.2d 993. Her defense to personal liability on the notes on the ground of her coverture could not enter into the trial of the issues presented by appellant Hamill's plea of privilege. Thomason v. Haskell Nat. Bank, Tex.Civ.App., 56 S.W.2d 242.

Moreover, whatever interest she ever had in the land was subject to the terms of the purchase contract, which included the notes in question, payable in Garza County. The rights of the parties were fixed by the contract whereby Kitchen conveyed the land to Allie Jennie Lamond. She, joined by her husband, was a party to that contract. The vendor's lien notes that formed an integral part of that contract were payable in Garza County. Upon the execution and delivery of the notes, the appellee acquired the contractual right to enforce their collection, including the right to foreclose the vendor's lien for that purpose, in Garza County. Allis-Chalmers Mfg. Co. v. Mitchell, Tex.Civ.App., 283 S.W. 560. Mrs. Lamond could not, by later conveying the land to a nonresident of Garza County, destroy that right whether she be personally liable on the notes or not. The appellant purchased the land specially subject to these notes and specially subject to the suit pending in Garza County which sought to establish and foreclose the vendor's lien securing the payment of the notes. But, regardless of such express provisions in his deed, the only title which Hamill secured was the title of Allie Jennie Lamond. Her title was subject to the terms of the purchase contract. Hamill was bound by those provisions affecting his title, including the provision making the contract performable in Garza County.

We are of the opinion that the trial court was warranted in overruling the appellant's plea of privilege, under the authority of both Subdivision 4 and Subdivision 5, as amended, of Article 1995, Vernon's Annotated Civil Statutes. Pioneer Building & Loan Ass'n v. Gray, 132 Tex. 509, 125 S. W.2d 284; Wood v. Fondren, Tex.Civ. App., 131 S.W.2d 1070; Eppenauer v. Schrup, Tex.Civ.App., 121 S.W.2d 473; Storrs-Schaefer Co. v. Shelton, Tex.Civ. App., 82 S.W.2d 156; Smith v. Dozier Const. Co., Tex.Civ.App., 66 S.W.2d 744; Lind v. Merchants' State Bank & Trust Co., Tex.Civ.App., 16 S.W.2d 385.

The judgment is affirmed.