Shirley Ann McDonnell PHILLIPS et vir., Appellants,

v.

Oscar WHITE, Appellee.

No. 15563.

Court of Civil Appeals of Texas.

Fort Worth.

Nov. 5, 1954.

Herbert Marshall, Dallas, for appellants.

Frank Sparks, Eastland, for appellee.

RENFRO, Justice.

This is an appeal from an order sustaining a plea of privilege.

Suit was filed in a district court of Dallas County by plaintiffs Shirley Ann McDonnell Phillips and husband against defendant Oscar White for damages to land situated in Comanche County. The defendant filed a plea of privilege asking that the case be transferred to Eastland County where he resided. Plaintiffs then filed a controverting affidavit alleging that exclu-

sive venue for their cause of action lay in Comanche County and requested the court, under subdivision 14 of Article 1995, R.C. S., Vernon's Ann.Civ.St., to transfer the case to Comanche County.

At the hearing it was stipulated defendant is a resident of Eastland County and that the suit is for recovery of damages to land situated in Comanche County.

Plaintiffs assign as error in this court the order of the trial court transferring the case to Eastland County instead of to Comanche County. It is the plaintiffs' contention that, when the statutory plea of privilege was filed and the controverting affidavit filed, all the questions of venue were open for decision and the fact that plaintiff had filed his suit in some other county than the county in which the land is located, or the county of the residence of the defendant, should not preclude the court from transferring venue to the county where the land is situated.

■ A trial upon a plea of privilege on venue and answer controverting same is for the purpose of determining whether or not the defendant who filed the plea of privilege on venue is lawfully sued on the subject matter of the suit in the county where plaintiff has filed his suit. Piazza v. Phillips, Tex.Sup., 264 S.W.2d 428; Jefferies v. Dunklin, 131 Tex. 289, 115 S.W.2d 391; Sun Oil Co. v. Wright, Tex.Civ.App., 87 S.W.2d 524; Rule 86, T.R.C.P.

■ It has been held that while subdivision 14 of Article 1995 provides that suit to recover land, etc., must be brought in the county in which the land is situated, said provision does not affect the jurisdiction of other courts in such suits. It furnishes only a venue privilege, of which a party may avail himself like any other plea of privilege as to venue. Commonwealth Bonding & Casualty Ins. Co. v. Bowles, Tex.Civ.App., 192 S.W. 611.

In Tunstill v. Scott, 138 Tex. 425, 160 S.W.2d 65, the Supreme Court held the trial court erred in transferring a case to a county where the land was situated, under subdivision 14, in the absence of any pleading to have the case transferred to the county where the land was situated.

The plaintiffs herein contend that by their controverting affidavit they are entitled, under the language used in the Tunstill case, to have the case transferred to Comanche County.

We cannot agree with plaintiffs' contentions. As this court held in Fouse v. Gulf, C. & S. F. Ry. Co., 193 S.W.2d 241, the language used by the Supreme Court clearly means *no defendant* in that case filed any pleading requesting that the cause be transferred to the county where the land was situated.

■ In the instant case, when the venue was challenged by the defendant's plea of privilege, the burden was thereby placed upon plaintiffs, both by pleading and proof offered on the hearing, to bring the case within one of the exceptions and thus to establish the right to maintain venue in the county in which the case was pending, namely, Dallas County.

■ When a person files a proper plea of privilege setting out the county of his residence and, upon hearing, the plea of privilege is sustained, the trial court must transfer the cause to the county of defendant's residence and none other, even though the plaintiff might have brought the suit originally in some other county under a subdivision of Article 1995.

In the Tunstill case [138 Tex. 425, 160 S.W.2d 70], the Supreme Court, after citing the authorities pronouncing the above rule, held: "The decisions last cited did not involve subdivision 14 but they are a correct construction of Articles 2007 and 2008. These articles of the statute prescribe the pleadings and procedure for the trial of questions of venue, including the venue privilege given by subdivision 14."

Of course, the plaintiffs could have filed suit in Comanche County where the land is situated. They chose, however, to file it in Dallas County and if they cannot maintain it in that forum, the general rule an-

nounced in Article 1995 fixes the forum for them. Cowden v. Cowden, 143 Tex. 446, 186 S.W.2d 69.

■ Since the plaintiffs have filed a suit in a county which does not have venue, the plea of privilege filed by the defendant was properly sustained and the case was properly transferred to Eastland County where the defendant resides.

The judgment of the trial court is affirmed.