**Jane BYRD, Appellant,**

v.

**Sam S. GUYLER et ux., Appellees.**

**No. 13284.**

Court of Civil Appeals of Texas.

San Antonio.

Feb. 12, 1958.

Rehearing Denied March 12, 1958.

Fountain, Cox, Gaines & Fox, Joyce Cox, Frank G. Evans, III, Houston, for Jane Byrd.

Morriss, Morriss, Boatwright & Lewis, San Antonio, R. A. Taylor, Jr., Crystal City, for Sam S. Guyler, Roberta (Patricia) Guyler and John M. Scrogin.

POPE, Justice.

This is a double appeal from a judgment on a plea of privilege. We shall first discuss the appeal of Sam S. Guyler and Roberta (Patricia) Guyler from an order which overruled their pleas of privilege. Sam S. Guyler was formerly married to Jane Byrd Guyler, hereafter called Jane Byrd. In 1953 he obtained a divorce in Bexar County from Jane Byrd and their property was divided as a part of those proceedings. After the divorce, Guyler married Roberta Guyler. In 1957, Jane Byrd filed this equitable bill of review in the same court which granted the divorce. She pleaded that the divorce was obtained through her husband's fraudulent representations; she asked that the decree be vacated and that the property settlement be set aside. Sam and Roberta Guyler live in Zavala County and that is where the real estate here involved is located. They filed their pleas of privilege to be sued in Zavala County, but the trial court overruled them.

The questions presented concern both jurisdiction and venue. A suit which

attacks the validity of a divorce decree must be brought in the court which entered the decree. This is a jurisdictional rather than a venue matter. Switzer v. Smith, Tex. Com.App., 300 S.W. 31, 68 A.L.R. 377; Novy v. Novy, Tex.Civ.App., 231 S.W.2d 780; Holmes v. Jackson, Tex.Civ.App., 200 S.W.2d 276; Burris v. Myers, Tex.Civ. App., 49 S.W.2d 930. The District Court of Bexar County, therefore, properly retained the jurisdiction over the cause which directly attacked the former divorce including the property settlement approved by that decree.

Jane Byrd's suit not only attacked the decree, it went further and attacked a deed and lease which she executed after the decree. The divorce decree awarded Jane Byrd 5,443 acres of land in Zavala County, called the Mangum Ranch. Jane Byrd pleaded that the day after the fraudulently induced divorce decree was entered, she executed a deed to Sam S. Guyler to the property, effective upon her death, and that she also leased the land to him for life. Those two instruments were likewise the result of Sam Guyler's fraud, she asserts. The consideration for the lease was that Sam Guyler was to pay Jane Byrd $500 per month during her life, less certain tax adjustments. She asserts that between 1953 and 1957 he made the monthly payments irregularly and that he owes for some unpaid medical bills which he assumed. She asserts that she now sees that he never intended to pay regularly. She prayed that the deed and lease be canceled as a cloud on her title, and that the lease be forfeited under its express terms.

■■ As grounds for the fraud in inducing the deed and lease, Jane Byrd alleged that Guyler fraudulently represented that the deed and lease "had been approved by the court" that they were "part of the entire judicial process," but that the deed and lease were "in open defiance of this court's decree." The decree had given her the Mangum Ranch outright. From these allegations, it appears that the

suit is an attack upon the divorce decree, but it goes further and makes an attack upon conveyances she executed beyond and after the divorce decree; matters which were not contemplated by, embraced within, nor the basis for the decree. The action concerning the deed and lease; the fraud, if any, touching their inducement; the non-payment and forfeiture, if such be the situation, concern matters which were not involved in the divorce matter at all. These matters are separate and subsequent transactions and they fall outside the rule which fixes jurisdiction in Bexar County for the attack upon the divorce decree. Those matters concern venue, not jurisdiction. To hold venue in the county where fraud is committed, fraud must be proved as one of the venue facts. McDonald, Texas Civil Practice, Sec. 4.13. Appellant made no effort to prove fraud under the provisions of Article 1995(7), Vernon's Ann.Civ.Stats., which she relied upon; but, even if she had, an action to cancel a deed procured by fraud and to vest title of the realty in the grantor, is a suit to remove encumbrances or to quiet title, and falls within the mandatory provisions of Art. 1995(14). Lott v. Fields, Tex.Civ.App., 236 S.W.2d 878.

■ The action against Sam S. Guyler and his wife, Roberta, which is by way of an attack upon the divorce decree and property settlement, was properly brought in the court of the original divorce decree. The other action asserted against Sam S. Guyler and wife, Roberta Guyler, which seeks to cancel the deed Jane Byrd executed subsequent to the divorce proceedings should be severed and transferred to Zavala County. Tunstill v. Scott, Tex. Com.App., 138 Tex. 425, 160 S.W.2d 65; Article 1995(14). Vernon's Ann.Civ.Stats.

■ Jane Byrd has also appealed from an order of the trial court which severed John Scrogin from the action in Bexar County and sustained his plea to be sued in Zavala County. More than two years after the divorce decree, and after Jane

Byrd leased and conveyed the Mangum Ranch to her former husband, he conveyed one-half interest in the lease and the property to John Scrogin. Jane Byrd in her suit to set aside the divorce decree and the property settlement, also joined Scrogin as a defendant, seeking to cancel his deed and lease to that property.

Scrogin was not a party to the divorce suit and at the time of the decree had no right or interest in the divorce or the property involved in the decree. Here again, we find that the attack upon the divorce decree was grounded upon claimed fraud by Jane Byrd's then husband, which fraud occurred before and as a means to induce the divorce decree and property settlement. The claimed fraudulent action of her former husband, which induced her to lease and convey the Mangum Ranch, occurred after the divorce proceedings were completed and were not a part of that decree. Still later, Scrogin acquired his interest in the Mangum Ranch. Jane Byrd's action against Scrogin is a suit for the recovery of realty or for the removal of cloud on her title, and as such, venue under the mandatory provisions of Article 1995(14), is in the county of the land. State v. Wynn, Tex., 301 S.W.2d 76; Tunstill v. Scott, supra; Hinojosa v. Hinojosa, Tex.Civ.App., 294 S.W.2d 910.

That part of the order which fixed the jurisdiction in Bexar County for the action to set aside the divorce decree is affirmed. That part of the order which overruled the pleas of privilege of Sam S. Guyler and Roberta Guyler to be sued in Zavala County concerning the recovery of the Mangum Ranch, is reversed and judgment rendered that the suit to recover that land and to remove cloud is severed and transferred to Zavala County. That part of the order which severed and transferred the action against Scrogin to Zavala County is affirmed.

Affirmed in part, reversed and rendered in part.