**CAMELLIA DICED CREAM COMPANY et al., Appellants,**

v.

**Ferman J. CHANCE, Appellee.**

No. 13613.

Court of Civil Appeals of Texas.

Houston.

Oct. 20, 1960.

Rehearing Denied Nov. 10, 1960.

Fulbright, Crooker, Freeman, Bates & Jaworski, Houston, L. S. Carsey, Houston, for appellants.

Red, Kemp & Fahey, Pat N. Fahey, Houston, for appellee.

Chance, Butler, Binion, Rice & Cook, W. N. Blanton, Jr., Houston, for amicus curiae, estate of Mrs. Saul Hungerford.

WERLEIN, Justice.

This appeal is by Camellia Diced Cream Company and Anthony Black from the order of the District Court of Harris County transferring the whole case to the District Court of Galveston County upon sustaining

the plea of privilege filed by only one of the defendants in the case, namely Lawrence M. Coughlin, as Administrator of the Estate of Lucille Hungerford, Deceased. Neither of the appellants, who are residents of Harris County, filed a plea of privilege.

The suit was originally brought by appellee, Ferman J. Chance, a resident of Galveston County, Texas, against appellants, "and the Estate of Mrs. Saul Hungerford, Deceased, upon whom service may be had upon her legal representatives, Alta Loma, Texas, * * *" to recover damages to appellee's building in Galveston County, as a result of a collision between a car driven by Mrs. Saul Hungerford and a truck of Camellia Diced Cream Company driven by its employee, Anthony Black. In both appellee's original petition and in his first amended original petition, he pleaded various acts of negligence on the part of the decedent, Lucille Hungerford [Mrs. Saul Hungerford] and of appellant, Anthony Black, and prayed for damages against the defendants jointly and severally.

■ Saul Hungerford, a resident of Galveston County, was not named in either the original or amended petition. He was not sued as executor or administrator of the estate of his wife or as her surviving spouse, nor was he sued in any capacity for the recovery or protection of community property. The citation was not directed to him but to "Estate of Mrs. Saul Hungerford, Deceased, upon whom service may be had upon her legal representatives, Alta Loma, Texas." The sheriff's return shows that Saul Hungerford was served on March 17, 1959. It does not show that he was served in any capacity other than that of an individual.

On April 10, 1959 a plea of privilege was filed on behalf of Saul Hungerford for transfer of the cause as to him to Galveston County, stating: "Now comes Saul Hungerford, who was served with citation herein as the alleged legal representative of the Estate of Mrs. Saul Hungerford,

Deceased, Defendant, and files this his plea of privilege * * *." Although it is alleged in such plea of privilege that Saul Hungerford was served with citation as the alleged legal representative of the estate of Mrs. Saul Hungerford, Deceased, his name appears nowhere therein. The court sustained the plea of privilege and decreed that the cause be severed as to said defendant, and as to him transferred to the District Court of Galveston County. Appellee herein appealed from such order to the Court of Civil Appeals at Houston. Thereafter, upon motion of appellee, such appeal was dismissed.

On August 22, 1959 appellee filed his first amended original petition in which he made Lawrence M. Coughlin as Administrator of the Estate of Lucille Hungerford, Deceased, under orders of the County Court of Galveston County, a party defendant. Thereafter the said Lawrence M. Coughlin as such administrator filed a plea of privilege alleging that the venue of this suit is controlled by Subdiv. 14 of Article 1995, Vernon's Ann. Civil Statutes of Texas, it being a suit to recover damages to land. At the hearing of such plea of privilege, which was not controverted, the District Court of Harris County transferred the entire cause to the District Court of Galveston County, although neither of the appellants herein had filed a plea of privilege to be sued in Galveston County.

■ Appellants assert that the trial court, having previously sustained the plea of privilege of Saul Hungerford as the representative of the estate of Mrs. Saul Hungerford, had no further jurisdiction as to the portion of the cause relating to the estate of Mrs. Saul Hungerford, and therefore erred in acting on the plea of privilege of the administrator of her estate. We do not agree. From what has been said hereinabove, it clearly appears that the District Court of Harris County had no jurisdiction over the estate of Lucille Hungerford, Deceased, or any representative of her estate, prior to the filing of appellee's amended petition. An estate of a deceased person is not a legal entity and

cannot sue or be sued as such. Neblett v. Butler, Tex.Civ.App., 162 S.W.2d 458, writ ref., w. o. m.; Crowe v. Di Manno, 1 Cir., 1955, 225 F.2d 652; Heuschel v. Wagner, 73 Colo. 327, 215 P. 476.

No party was named in the original petition as the legal representative of the estate of Mrs. Saul Hungerford, and no properly qualified representative of her estate appeared in the suit until the duly qualified and acting administrator of her estate, Lawrence M. Coughlin, filed his plea of privilege and answer. The District Court of Harris County acquired no jurisdiction that would permit its sustaining of the plea of privilege of Saul Hungerford, who was not sued by name in any capacity whatever, and who had no authority or legal right without qualifying according to law to represent the estate. It is our view, therefore, that the action of the court in sustaining the plea of privilege of Saul Hungerford was in effect a nullity.

The court had the power, after the administrator's plea of privilege was filed, to sustain his plea and transfer the cause as to such administrator to the District Court of Galveston County. The court, however, in sustaining the plea of the administrator, had no authority or right to transfer the entire cause to the District Court of Galveston County since the defendants in the suit are not necessary parties, and the other defendants, the appellants herein, did not file pleas of privilege. The suit was brought against the defendants jointly and severally to recover damages to a building in Galveston County. Separate and distinct allegations of negligence were made as to the defendants. Appellee had the right to prosecute his cause of action against either of such defendants to a final conclusion and recover the full amount of his damages, without joining the other defendant or defendants. True, such defendants are proper parties, but they are not such parties as will have to be retained in the suit to permit the appellee to make full recovery.

The law is well settled that where one of several defendants files a plea of privilege to be sued in the county of his residence and the plea is sustained, the court should retain jurisdiction over the action insofar as it concerns the defendants who have not filed pleas of privilege if the cause of action is severable, or joint and severable. Tunstill v. Scott, Tex.Com. App., 138 Tex. 425, 160 S.W.2d 65; Comer v. Brown, Tex.Com.App., 285 S.W. 307; Texas Mutual Reserve Life Ins. Co. v. Ormand, Tex.Civ.App., 115 S.W.2d 776; Maze v. Ruscher et al., Tex.Civ.App., 269 S.W.2d 860.

The cause of action asserted by appellee against the three defendants in the present case arises out of an automobile-truck collision, and alleges joint and several liability. It does not involve title to land or partition of land.

Subd. 14 of Article 1995, V.A. T.S., provides:

"Suits for the recovery of lands or damages thereto, or to remove incumbrances upon the title to land, or to quiet the title to land, or to prevent or stay waste on lands, must be brought in the county in which the land, or a part thereof, may lie."

Notwithstanding the use of the word "must" in Subd. 14, our courts have held that the district court has jurisdiction over the subject matter of suits for the recovery of damage to land and the requirement that suit be brought in the county where the land is located is one of venue or privilege, and not of jurisdiction, and it may be waived. The statute merely furnishes a venue privilege of which a party may avail himself. Tunstill v. Scott, supra; Phillips v. White, Tex.Civ.App., 272 S.W.2d 743.

Appellee might have filed his suit in Galveston County where the damage to the land occurred, and had he done so, appellants could not have had it transferred as to them to Harris County. He chose, however, to file it in Harris County, and having done so, it cannot be transferred to Galveston County as to appellants unless they file pleas of privilege.

We have examined South Texas Development Co. v. Williams, Tex.Com.App., 130 Tex. 217, 107 S.W.2d 378, and the other cases cited by appellee as authority for his contention that the defendants in the present case are all necessary parties since the suit is one to recover for damage to land. Suffice it to say that all of such cases are distinguishable from the instant suit in that all of them involved or affected title to land or the partition of land. Hence the parties in such cases were necessary or indispensable parties and not merely proper parties as in the present case.

The judgment of the trial court insofar as it transfers to Galveston County the cause of action as to appellants, is reversed and the cause is remanded with instructions that in sustaining the plea of privilege of the Administrator of the Estate of Lucille Hungerford, Deceased, the court retain jurisdiction of the cause of action as against appellants.

Reversed and remanded with instructions.