**852**

**K. S. WENDLER CONSTRUCTION CO.,
Inc., et al., Appellants,**

v.

**AUSTIN MECHANICAL CONTRACTING
COMPANY, Appellee.**

**No. 11437.**

Court of Civil Appeals of Texas.

Austin.

Oct. 26, 1966.

Morgan Nesbitt, Austin, for appellants.

William B. Hilgers, by William C. Fielder, Austin, for appellee.

PHILLIPS, Justice.

This is an appeal from an order of the trial court overruling a plea of privilege.

The appellee, Austin Mechanical Contracting Company, filed suit in the district court against K. S. Wendler Construction Company and the Fidelity and Deposit Company of Maryland.

Appellee had alleged as its cause of action against Wendler that it had furnished labor and materials to Wendler on a construction project in Mercedes, Texas, and that upon completion of the work, certain sums were still due and unpaid by Wendler to appellee.

As its cause of action against Fidelity, appellee alleged that this surety company executed a payment bond, whereby Fidelity bound itself to pay to appellee all sums of money due and owing for the material and labor furnished in the event that Wendler failed to pay.

Fidelity filed its plea of privilege to be sued in its residence county of Dallas

County, Texas. The trial court overruled the plea, hence, this appeal.

We affirm.

Appellant is before us with three points of error, briefed together, complaining of the judgment of the trial court in that mandatory venue of a suit upon a bond of the type here involved is placed by Article 7.01, Texas Insurance Code, V.A.T.S. in the county wherein the bond is filed (Hidalgo County), and the trial court erred in sustaining venue in Travis County; the error of the trial court in failing to sustain Fidelity's Plea of Privilege, for the reason that the provisions of Article 7.01, Texas Insurance Code, are mandatory in nature, and should prevail over the exceptions to the right to be sued in the county in which one has his domicile, contained in Article 1995 Vernon's Ann.Civ.St., and relied upon by appellee, which exceptions are permissive only and not mandatory; the error of the trial court in failing to sustain Fidelity's plea of privilege and under the doctrine announced by the Supreme Court in Tunstill v. Scott, 138 Tex. 425, 160 S.W.2d 65, the cause should have been transferred to the county of Fidelity's residence.

We overrule these points.

■ A defendant in this State has the right to be sued in the county of his domicile unless the action falls within one or more of the statutory exceptions. Subdivision (4) of Article 1995, V.C.S., states that if two or more defendants reside in different counties, suit may be brought in any county where one of the defendants resides. In Smiser v. Petroleum Refining Company, 398 S.W.2d 177, the Court of Civil Appeals held that in order to maintain venue under Subdivision 4 of Article 1995, the plaintiff must establish by the preponderance of the evidence that one of the defendants resides in the county where the suit is filed and that he has a cause of action against the resident defendant. He

must allege facts showing that the non-resident defendant is properly joined in the suit but he need not prove a cause of action against the non-resident defendant.

All the elements necessary to this exception are present in this case.

■ Appellant contends that Article 7.01, Texas Insurance Code, is a mandatory provision as opposed to the permissive character of subdivision (4), Art. 1995; consequently, the former takes precedence over the latter, thus establishing venue in Hidalgo County, Texas. We cannot agree with this contention as there was no pleading on the part of any of the defendants in this case asking that venue be placed in Hidalgo County; consequently, the provisions of Article 7.01 were waived. Tunstill v. Scott, 138 Tex. 425, 160 S.W.2d 65. Weems v. Frost National Bank of San Antonio, affirming on rehearing, Tex. Civ.App., 275 S.W.2d 956, writ dism., w. o. j.

Appellant cites Tunstill in his own behalf for the proposition that Fidelity has the right to be sued in the county of its residence. In Tunstill there were three defendants, two from Tarrant and one from Harris County. The suit was filed in Tarrant County however the Court of Civil Appeals ordered the suit transferred to a county where the land in question was located under Section 14, of Art. 1995. In answer to certified questions presented the Commission of Appeals, the court held that since none of the defendants had raised their right to venue under Section 14, they had waived it; and, further since the plaintiff therein had failed to show a cause of action against the defendants where the suit was filed (Tarrant County) the case should have been transferred to Harris County under the Harris County Defendant's plea. This is not our situation here.

We affirm the judgment of the trial court.