**LANCASTER et al.**

v.

**RENWAR OIL CORP.**

No. 14793.

Court of Civil Appeals of Texas.

Dallas.

Feb. 26, 1954.

Rehearing Denied July 9, 1954.

Wm. M. Bates, Dallas, for appellants.

Shank, Dedman & Payne, Dallas, J. M. Easterling and B. D. Tarlton, Corpus Christi, George Gilbert, Shreveport, La., for appellee.

CRAMER, Justice.

This suit was filed in the district court by appellants E. L. Lancaster and G. A. Gamble, now deceased, for whom Mrs. Vesta P. Gamble as independent executrix of his estate was substituted, against Renwar Oil Corporation.

Material to this appeal, appellants' pleadings assert that they "seek the judgment of the court under the Uniform Declaratory Judgments Act, Art. 2524–1 of the Revised Statutes of the State of Texas, construing the contract documents attached hereto as exhibits and adjudicating the rights of

the plaintiffs against the defendant and the obligations of the defendant to the plaintiffs." The prayer is that "upon final hearing hereof the following relief be granted to the plaintiffs: First: Judgment that they are entitled to receive from the defendant as royalty ⅟₆₄th of the value of the oil, gas and gas distillate produced and marketed by defendant from any wells already drilled or that may hereafter be drilled on the North 320 acres of the A. B. Davis Survey without diminution or reduction on account of the ⅛th royalty promised to the State under the lease to Arkansas Fuel Oil Company or on account of the several unitization agreements made by defendant with the State School Land Board. Second: Requiring the defendant to file herein a full and complete statement showing the quantity of oil, gas and gas distillate produced to date from its Gay Wells, Units Nos. 1, 3 and 4, and the sum realized from the sale of the same to the pipe line company. Third: Judgment against the defendant for ⅟₆₄th of the value of such production with interest on each installment thereof from the date when it became due and payable at the rate of six per cent per annum. Fourth: Judgment against the defendant for all costs incurred in this proceeding. Fifth: For such other further and different relief as the plaintiffs may be entitled to receive at law or in equity."

Appellee Renwar Oil Corporation filed a plea of privilege which, in addition to the usual form, contained a paragraph as follows: "That this is a suit for the recovery of lands and the oil produced therefrom, and to quiet title to same or to prevent or stay waste on land, and said suit involves the title to an interest in lands, which said lands are located in Nueces County, Texas, as is more fully shown by plaintiffs' petition."

The plea was answered by numerous exceptions, a general denial, a specific denial to paragraphs 2 and 5 [1], and by asserting no question of title is raised, that they are not seeking recovery of land or an interest therein, or to recover oil produced therefrom, or judgment to quiet title, or to prevent or stay wast to said lands, but on the contrary seek a proper construction of the contract documents attached to their petition and for specific performance by defendant of the obligations imposed thereby, to-wit: (1) To pay appellants the money due them thereunder; (2) they, having purchased the oil and gas lease and having drilled thereunder, are estopped to deny they are obligated by the lease to pay the royalty provided thereunder; (3) the action is a personal action only; (4) Renwar and the Bank designated in the lease as Depository are both residents of Dallas County and the Dallas County Courts have jurisdiction under secs. 5 and 23 of Art. 1995, R.C.S.; (5) the several unitization agreements made by Renwar for pooling part of the leased tract are void and not binding as to them since they did not consent thereto, and because Renwar "committed fraud against plaintiffs by attempting to pool a part of the tract on which they executed such lease with other tracts on which defendant held leases or interests in leases to its benefit and advantage and to the detriment of plaintiffs; and therefore venue lies in Dallas County under sec. 7 of Art. 1995." They also assert that since the action is for the recovery of money the court has jurisdiction of the suit under sec. 10 of Art. 1995, and, that this "is not a title suit is evidenced by the fact the petition contains none of the allegations required for such a suit by Rule 783."

The trial court on the hearing overruled the exceptions and, after hearing the evi-

1. Paragraph 5 being an allegation that no exception to exclusive venue in the county of one's residence exists, "save and except that this is a suit for the recovery of an interest in lands and oil produced therefrom, and to quiet the title to same or to prevent or stay waste on said lands, which lands are located in Nueces County, Texas, by reason of all of which, exclusive venue for the trial of this suit lies in the District Court of Nueces County, Texas, under and by virtue of Section 14 of Article 1995 of the Revised Civil Statutes of 1925 of the State of Texas."

dence, sustained Renwar's plea of privilege and entered an order transferring the cause to the district court of Nueces County; and from that judgment appellants have duly perfected this appeal and here brief two points of error in substance: (1) This suit is brought where Renwar has its domicile seeking only a declaratory judgment, construction of the oil and gas lease executed between the parties, for specific performance of such contract by Renwar, and for debt following the determination of the amount thereof; and (2) the allegations of the petition do not assert an action for the recovery of lands or damage thereto, or to remove an encumbrance from the title to the land, or to quiet title to the land, or to prevent or stay waste on the lands within exception 14, Art. 1995. Therefore the court erred in refusing to hold venue properly lies in Dallas County under Art. 1995.

Appellee Renwar, with five counter-points, asserts in substance that the judgment below is correct since it appears (1–2) from the petition and exhibits thereto and its controverting affidavits that apppellants' suit seeks recovery of a royalty interest and an accounting for royalty thereunder, and such royalty is land within sec. 14, Art. 1995; also seeks to quiet title to the land involved "by having the court declare the oil and gas lease covering State Tract No. 462 and the several unitization agreements referred to in said petition void and of no force and effect and, therefore, appellants' suit is venuable under Article 1995, subd. 14, in Nueces County, Texas, where the land is situated." (3) Appellants' suit is for the recovery of land and not for specific performance; (4) that appellee, as lessee-assignee from appellants as lessor, is not estopped to question the title of appellants to the area in conflict, being 170 acres of land covered by lease from the State of Texas; and (5) since the undisputed evidence shows appellants did meet the burden of pleading and proving the State and its lessee and assignee were not claiming title to the 170 acres in controversy.

Appellants by supplemental brief "deny specifically the statements made repeatedly in appellee's brief that appellants' petition raises issues of title between them and appellee as to the mineral interest owned by appellants in the A. B. Davis Survey in Nueces County, Texas."

We will consider all points and counter-points together.

The general rule is that, absent an exception which clearly provides therefor, the defendant shall be sued in the county of his residence. Goodrich v. Superior Oil Co., 150 Tex. 159, 237 S.W.2d 969, 972, and cases there cited. Suits for the recovery of land or damage thereto, or to remove encumbrance to the title of land or to quiet title to land, or to prevent or stay waste on lands, are exceptions, created under Art. 1995, subdv. 14, and as such take precedence over all other permissive subdivisions of the statute. South Texas Development Co. v. Williams, 130 Tex. 217, 107 S.W.2d 378 (Comm.App., opinion expressly approved by our Sup.Ct.); and cases there cited.

The only question raised by the points and counter-points is with reference to the nature of appellants' suit, to-wit: whether or not the relief sought is within subdv. 14, Art. 1995, V.A.C.S.

The prayer in appellants' petition shows the desired relief to be (1) judgment that they are entitled under their contract to receive a royalty ⅟₆₄th of the oil, etc., produced from the land leased by Renwar; (2) an order requiring Renwar to file a statement showing the quantity of oil, etc., produced to date; (3) judgment for ⅟₆₄th of such oil produced, plus interest during the time it was withheld; (4) costs; and (5) such further and different relief to which the facts may show them entitled.

After considering the record as a whole we have reached the conclusion that the relief sought is solely and only for the ascertainment of, and a declaratory judgment as to, the amount of royalty due on

oil already produced and severed from the land under the lease, based on the interest owned in the total oil produced and severed from the land. In our opinion, the oil when severed from the land by being reduced to possession by the leaseholder is, as between the lessor and the lessee, personal property, as set out in Cates v. Greene, Tex.Civ.App., 114 S.W.2d 592, 595, no writ history, by Chief Justice McClendon, as follows:

"It is true that, after the royalty interest in the oil has been severed from the land, it becomes personal property, but until such severance it constitutes an interest in the realty * * *."

Applying the rule here, the relief sought, in paragraph 3 of the prayer, is that after the amount of oil severed from the soil has been ascertained, appellants recover a money judgment for the amount due them for their interest in such severed oil, such oil then being personal property, and not land. It follows that the petition states a cause of action which, if sustained by the evidence, would entitle appellants to a judgment (1) finding the amount of oil royalty due Lancaster et al. from Renwar under the lease and a conclusion of law to the effect that such relief is not within the coverage of sec. 14, Art. 1995, V.A.C.S., or any other section of such Article which places venue of actions involving interests in land in the county where the land is located; (2) an order for discovery to the end that Lancaster et al. may ascertain with certainty the amount of royalty due them; (3) that Lancaster et al. after the amount of oil recovered has been ascertained, he may, on proof of value, recover a money judgment for the value of his interest in such oil so produced; plus (4) his costs; and (5) other ancillary relief, if any, is justified by the facts discovered.

We therefore hold that subdv. 14, Art. 1995, does not apply here, and that venue of this case is in Dallas County, the defendant's residence, and not in Nueces County.

For the reasons stated, appellants' points 1 and 2 are sustained, appellee's counterpoints are overruled, and the judgment of the trial court is reversed and here rendered overruling appellee Renwar Oil Corporation's plea of privilege.

Reversed and rendered.

## On Rehearing.

Appellee has filed a strong motion for rehearing and on the assignments therein Chief Justice DIXON dissents to our original disposition of the cause, making it advisable that we re-examine the record and supplement our original opinion.

Appellee Renwar Oil Corporation is a resident of Dallas County and as such could be sued in Dallas County unless the action here is one which falls within exception 14, Art. 1995, R.C.S., which provides:

"Lands.—Suits for the recovery of lands or damages thereto, or to remove incumbrances upon the title to land, or to quiet the title to land, or to prevent or stay waste on lands, must be brought in the county in which the land, or a part thereof, may lie."

It is appellants' contention that this action is one to construe the lease contract in question and to declare the effect thereof to be that appellants are entitled to receive thereunder 2/16th of the value of the oil produced and marketed from any wells already drilled or that may be hereafter drilled on the land in question; for discovery of the amount now due and for a personal judgment against appellee for such amount, and for interest thereon from the date it was due; for costs and such other relief as they may be entitled to.

We are of the opinion that Goodrich v. Superior Oil Co., 150 Tex. 159, 237 S.W.2d 969, by our Supreme Court, while not directly in point on the facts, states the applicable law here at page 973 as follows:

"The suggested suit would appear to be more in the nature of a declaratory judgment suit or suit to determine the correct amount owed by the plaintiff than of a suit to remove cloud within the meaning of subdivision 14 of Art. 1995. (Citing authorities.)"

■ A lack of necessary parties is not before the court on a plea of privilege since that question does not arise until after the question of venue is finally determined. Seeds v. Edgerton, Tex.Civ.App., 209 S.W.2d 987 and cases there cited.

In our opinion the suit here goes no further than to declare the rights of the parties under the contract (the oil lease) and for a money judgment for the royalty due for oil already produced under the lease involved.

The motion for rehearing should be overruled. It is so ordered.

DIXON, C. J., dissents.

DIXON, Chief Justice.

I respectfully dissent.

To determine the nature of appellant's cause of action we must look to his petition. Piazza v. Phillips, Tex.Sup., 264 S.W.2d 428. And we must look to his whole petition, not merely to the prayer. Starr v. Ferguson, 140 Tex. 80, 166 S.W.2d 130 (Comm.App. opinion adopted). The petition is long, so I shall not copy all of it here, but shall quote and refer to parts of it that seem to me to be especially significant.

Par. VI: "On June 26, 1950, the plaintiffs G. A. Gamble and E. L. Lancaster were the owners of an undivided one-eighth interest in the oil, gas, and other minerals in the North 320 acres of the A. B. Davis Survey *deraigning their title from and under the patent issued to A. B. Davis* (Emphasis supplied); and, on the date just stated, they joined in the execution of an oil, gas and mineral lease to Geo. H. Gay, Trustee, * * *.

"The defendant Renwar Oil Corporation took an assignment of this lease from Geo. H. Gay and had drilled three producing wells on the North 320 acres of the A. B. Davis Survey * * * which obligates it to pay to the lessors one-eighth royalty on oil and on other liquid hydrocarbons, and also on gas produced from said land.

"The plaintiffs submit that the defendant, Renwar Oil Corporation * * * *has become estopped to deny the title of the plaintiffs to one-eighth of the minerals* and to one-eighth of the one-eighth royalty on oil, gas and other minerals produced from said land while operating under this lease and *they submit that they are entitled to an adjudication by the court to this effect.*" (Emphasis supplied.)

Par. IX: "It appears, also, that Renwar Oil Corporation owns the leases from the mineral owners claiming under A. B. Davis on the North 320 acres of that survey and also it had entered into a working agreement with Arkansas Fuel Company for development under its alleged lease from the state purporting to cover 170 acres of the A. B. Davis Survey alleged to be in conflict with the Davis Survey and to be submerged land below the highwater mark of the bay. * * * *The record shows* * * * *that Tract 462 has never been surveyed and appears to be in conflict with the Davis Survey.* * * * *The plaintiffs do object to the payment of this one-eighth royalty to Bascom Giles, Commissioner of the General Land Office, as a royalty interest as it has attempted to do in a proposed division order.* * * *." (Emphasis supplied.)

Prayer: "First: *Judgment that they are entitled to receive from the defendant as royalty ⅟₆₄th of the value of the oil, gas and gas distillate produced* and marketed by defendant from any wells already drilled or *that may hereafter be drilled on the North 320 acres of the A. B. Davis Survey without diminution or reduction on account of the ⅛th royalty promised to the State under the lease to Arkansas Fuel Oil Company or on account of the several unitization agreements made by defendant with the State School Land Board.* * * *." (Emphasis supplied.)

Appellant's prayer must be considered in connection with paragraph VII wherein he alleges that the unitization agreements entered into by appellee are null and void and *"the judgment of the court to that effect is requested."* (Emphasis supplied.)

Paragraphs IX and III of appellant's petition must also be considered together. In the former paragraph appellant refers to a lease alleged to be in conflict with his lease and purporting to cover 170 acres which are now submerged by water. In the latter appellant says that the entire A. B. Davis Survey was on dry land when surveyed, and that *"plaintiffs submit that they are entitled to a finding to that effect."* (Emphasis supplied.) The point is important, for title to land may be gained or lost by erosion, Manry v. Robison, 122 Tex. 213, 56 S.W.2d 438, and appellant apparently wants the court to decree that he has not so lost title to the 170 acres involved in the conflict to the Arkansas Fuel Company and Bascom Giles, Commissioner of the General Land Office.

From a study of appellant's petition as a whole, and the above allegations in particular, I have reached the conclusion that appellant's cause of action seeks either (1) to recover title to an interest in land or (2) to quiet title to an interest in land. In either event the suit comes within the provisions of Art. 1995, subdv. 14, V.A.C.S.

I make no comment as to whether all the necessary parties are before the court for an adjudication of title, for we are only concerned now with the true nature of appellant's suit regardless of its designation as a suit for declaratory judgment. The question of necessary parties is not before us.

Appellant's suit seems to me to be in substance if not in form an action to recover an interest in land. Our Supreme Court, speaking through Judge Smedley, has said: "* * * it is settled * * * that royalties, whether payable in money or in kind * * * 'are interests in land' ". Tennant v. Dunn, 130 Tex. 285, 110 S.W.2d 53, at page 57; Young v. Rudd, Tex.Civ.App., 226 S.W.2d 469, at page 473, ref. n. r. e.

If I am mistaken in concluding that appellant's action is one to recover an interest in land, I nevertheless cannot consider it as anything less than a suit to quiet title. In speaking of a suit to quiet title our Supreme Court long ago said, "The object of the suit is not to divest the defendants of rights. It is for the purpose of quieting the plaintiff's title, and presupposes its validity, but that he is disquieted and his title disturbed by the alleged unconscientious claims and pretensions of the defendants. His purpose is to have those claims judicially declared to be unfounded." The Howards v. Davis, 6 Tex. 174, at page 184.

One of our Courts of Civil Appeals has said: "Under the record and the authorities cited, it is our opinion that where appellants' adverse claim causes the title to appellees' land to be disturbed or threatened, the court of Lubbock County where the land in question is located has venue, in any event, to hear, at least, appellees' suit to remove cloud or to quiet title to the said land." Texan Development Co. v. Hodges, 237 S.W.2d 436, at page 440.

Appellants say they want an adjudication by the court that appellee is estopped to deny their title to one-eighth of the minerals. For purposes of venue in this case if there is any difference between an action to "adjudicate title" and an action to "quiet title" the difference is so slight as to be immaterial—it seems to me to be nothing more than a play on words.

The holding in the case of Goodrich v. Superior Oil Co., 150 Tex. 159, 237 S.W.2d 969, does not seem to me to support the majority decision in this case. On page 972 of 237 S.W.2d in the opinion in the cited case it is said, "Doubtless under some circumstances venue of an interpleader suit of a producer over disputed royalties or other sums due from oil production is maintainable under the terms of subdivision 14." Though the case now before this Court is not an interpleader suit, it is similar to one. Here we have a dispute over royalties and sums due from oil production on 170 acres. Appellants base their claim to the disputed royalties on their alleged rights under the Geo. Gay lease. The State of Texas, according to appellants' petition, bases its claim on its alleged rights under the Arkansas Fuel Company lease. And appellee, the producer, has in effect repudiated appellants' royalty claims and recognized those of the State, for appellee has entered into

unitization agreements and announces a proposed division order—acts which are hostile to appellants' claims.

Justice Garwood, after struggling with the uncertainties and indefinite allegations in the petition in the Goodrich case, was unable to find any basis for a dispute as to royalties between appellant and appellee, or between appellant and any other defendant. At one point the petition asserted that a dispute existed between certain defendants, but it omitted to identify the defendants, or to show that the dispute in any way affected the title of either appellant or appellee. Under such circumstances the Supreme Court answered "No" to the certified question as to whether the allegations showed venue as against the defendant Goodrich in the county where the land lay.

Apparently the petition in the Goodrich case, supra, went no further than to suggest the *possibility* of a dispute which might cloud appellee's title, or give rise to a "doubtful situation" between appellant and appellee, for on page 973 of 237 S.W.2d, Justice Garwood in his opinion says: "It is suggested that, since the meagre allegations of the 'unless and except' clause should be deemed to have some purpose, they should be taken as declaring a suit by appellee against appellant to clear its title to the leasehold estate of a doubtful situation between appellant and appellee as to the amount of appellant's overriding royalties, which might be brought to light by some claim to be made by a defendant, that (contrary to the categorical allegations of the petition) there is a failure of title on the part of the lessors, with corresponding reduction of appellant's interest. Such a suit is evidently envisioned as one in the alternative, in view of the positive allegations of the petition that there has been no failure of title, from which the doubtful situation between appellant and appellee might arise. Obviously it is not spelled out in anything like the customary form, and the absence of an appropriate prayer for alternative relief is conspicuous. The statement of a mere *possibility* of such a doubtful situation, or even of *the possibility* of a

claim of appellant against appellee for excessive royalties, is not an allegation of cloud or threatened cloud upon the title of appellee." (Emphasis supplied.)

In the case at bar we are not concerned with the mere possibility of a dispute between appellants and appellee. We are confronted with an actual dispute. Appellants in substance allege that appellee took an assignment of a lease from Geo. Gay covering 320 acres out of the A. B. Davis Survey, under which appellants are entitled to a $\frac{1}{64}$th royalty; that appellee then entered into a working agreement with the Arkansas Fuel Company for development under a rival and conflicting lease purporting to cover 170 acres of the 320 acres covered by the Gay lease, under the terms of which conflicting lease the State of Texas has been promised a $\frac{1}{8}$th royalty in derogation and diminution of appellants' claimed royalty interest; and that appellee has entered into certain unitization agreements with the State School Land Board, which agreements are antagonistic to appellants' alleged royalty interests.

The relief appellants ask is that the court find that the 170 acres in dispute (now submerged by water) were dry lands when the A. B. Davis Survey was made; and that the court hold as a matter of law that (1) appellee is estopped to deny appellants' title to $\frac{1}{8}$th of the minerals; (2) the unitization agreements between appellee and the State School Land Board are null and void; and (3) appellants are entitled to be paid $\frac{1}{64}$th of the value of the oil, gas, and gas distillate from wells already drilled and that may be drilled in the future on the 320 acre A. B. Davis Survey lease (including the 170 acres covered by the conflicting lease) without diminution or reduction on account of the $\frac{1}{8}$th royalty promised to the State under the lease to the Arkansas Fuel Company or on account of the several unitization agreements made by appellee with the State School Land Board.

Appellants' first point of error asserts that this suit was brought "seeking merely a declaratory judgment construing an oil and gas lease executed by them on land

situated in Nueces County * * *." But I think the suit goes much further. It seeks either to adjudicate title in appellants' favor, or at least to quiet their title in view of the State's claim and the unitization agreements entered into between appellee and the State School Land Board.

In my opinion the motion for rehearing should be sustained and the judgment of the trial court affirmed.