**Z. George SHAW, Appellant,**

v.

**STATE of Texas et al., Appellees.**

No. 10837.

Court of Civil Appeals of Texas.

Austin.

April 19, 1961.

Rehearing Denied May 10, 1961.

Sarah Daniels, Dallas, Wm. Andress, Jr., Dallas, for appellant.

Will Wilson, Atty. Gen., John C. Steinberger, Asst. Atty. Gen., for appellee.

HUGHES, Justice.

This appeal is from an order overruling a plea of privilege filed by Z. George Shaw to be sued in Dallas County where he resided.

The State of Texas, on behalf of the Texas Employment Commission sued "Ona Daly Shaw and husband, Z. George Shaw," appellant, and another, doing business as Bill Barnett and Associates, to recover delinquent taxes allegedly due as an employer under art. 5221b-1 et seq., V.A.C.S., relating to Unemployment Compensation.

Appellant, in addition to the usual allegations of a plea of privilege, pleaded specially, as follows:

"This defendant specifically denies that he is a necessary party as the husband of Ona Daly Shaw, who is a feme sole, having had her disabilities of coverture removed. He likewise specially denies that he is interested in Bill

Barnett & Associates, either as a partner, or as a joint venturer, or in any other manner, and says that the said Bill Barnett & Associates was comprised exclusively of Ona Daly Shaw as a sole trader and Willie L. Barnett, and that therefore he is not a proper defendant in the capacity in which he is sued, and he was not and is not an employer under the Statutes set forth in I of plaintiff's original petition."

Sections (1) and (2) of art. 1.04 of Title 122A, Taxation—General, Vol. 20A, V.A.C.S., provide:

"(1) All delinquent State taxes and penalties therefor due and owing to the State of Texas, of every kind and character whatsoever, including all franchise, occupation, gross receipts, gross production, gross premiums tax on insurance companies, inheritance, gasoline, excise and all other State taxes which become delinquent other than State ad valorem taxes on property shall be recovered by the Attorney General in a suit brought by him in the name of the State of Texas.

"(2) The venue and jurisdiction of all suits arising hereunder is hereby conferred upon the courts of Travis County."

Subd. 30, art. 1995, V.A.C.S., provides that any statute expressly providing for venue of a particular cause of action shall control venue of such cause of action.

The only evidence admitted on the plea of privilege hearing was the State's controverting affidavit and its sworn account attached thereto as an exhibit, and for appellant a certified copy of a judgment of the District Court of Dallas County, 101st Judicial District (1952) removing the disabilities of coverture of Ona Daly Shaw so that "she shall henceforth have the status of a feme sole for mercantile and trading purposes. * * *"

The State's sworn account has this heading:

"Statement, Report, or Audit of Contributions and Penalties or Interest Due by Employer Named Below for Periods Shown

Employer:
152,298
Ona Daly Shaw: (Z. George Shaw, husband) and Willie L. Barnett, dba Bill Barnett & Associates
425 West Davis
Dallas, Texas"

■ It, thus, clearly appears that appellant was sought to be held, not as an employer, but as the husband of an employer. The suit, therefore, as to him, is not within the statutes above quoted.

Since these statutes are the only statutes cited or relied upon by the State to sustain venue as to appellant in Travis County, we could rest our decision here. However, the State, in answering appellant's contention that to hold him in Travis County it must be shown that he is a necessary party to the suit advances argument which, in our opinion, misconceives the law.

■ Although appellant does not so state, he obviously has in mind Subd. 29a, art. 1995, V.A.C.S., when he says that, under the circumstance here, he must be a necessary party to the suit in order to be suable in Travis County. This subdivision provides that necessary parties to a suit may be sued in the county of suit when such suit is lawfully "maintainable therein under the provisions of Article 1995 as to any" defendant.

In reply the State says:

"Appellant sought in the trial court and is seeking now to impose an additional burden on the State by forcing it to prove that he is a necessary or proper party to this action for delinquent taxes.

"This question of whether Z. George Shaw is a necessary party, a proper party or an indispensable party, which

was raised by the Defendant in the trial court on the hearing of plea of privilege, was not an issue that should be or could be decided by the trial court or by this Court, since the only question on a plea of privilege is as was stated in the case of Lally v. State, 138 S.W.2d 1111, 1114, Tex.Civ.App., 1940, no writ history.

" ' * * * The issue raised by the plea of privilege relates solely to venue and the court has no jurisdiction to determine any matter or question involving the merits of the controversy until the venue issue is settled.'

"The question of whether the Appellant Shaw is a necessary or proper party is a plea in abatement which the trial court could not rule on until it had determined the venue question."

Besides Lally v. State, the only other authority cited by the State on this point is Lancaster v. Renwar Oil Corp., Tex.Civ. App., 270 S.W.2d 289, reversed 154 Tex. 311, 276 S.W.2d 774. Neither of these cases is in point.

Lally v. State did not involve a question of parties.

Lancaster v. Renwar Oil Corp., Tex. Civ.App., 270 S.W.2d 289, correctly holds that a *lack* of necessary parties cannot properly be raised in a venue hearing.

Under Subd. 29a, the court has a duty of determining whether a party sought to be held under the provisions of that article is a necessary party.

Appellant is not a necessary party to this suit.

One of the privileges attending the removal of the disabilities of coverture of a married woman is that "thereafter she may, in her own name * * * sue and be sued * * *" art. 4626, V.A.C.S.

To hold that appellant is a necessary party to this suit would be to partially repeal this statute.

The judgment of the trial court is reversed and this cause is remanded with instructions to sustain appellant's plea of privilege and to transfer this suit, as to appellant, to any Civil District Court of Dallas County in accordance with the provisions of Rule 89, Texas Rules of Civil Procedure.

Reversed and remanded with instructions.