**J. R. MORROW et al., d/b/a Wig-Wam of Texas, Appellants,**

v.

**The STATE of Texas et al., Appellees.**

**No. 12104.**

Court of Civil Appeals of Texas, Austin.

May 8, 1974.

William Andress, Jr., Andress, Woodgate & Lodewick, Dallas, for appellants.

John L. Hill, Atty. Gen., Michael E. Stork, Asst. Atty. Gen., Austin, for appellees.

O'QUINN, Justice.

The Texas Employment Commission, acting through the State and its Attorney General, brought this suit in district court of Travis County against J. R. Morrow, Joe C. Morrow, Leon Parton, and Peggy W. Parton, partners, doing business in Dallas County as Wig-Wam of Texas, for the collecton of unemployment taxes and penalties, for the years 1969 through 1972, in the amount of $9,912.96.

Appellants, as defendants below, filed their plea of privilege to be sued in Dallas County and expressly denied that in the years 1969 through 1970 they were employers as the term is defined in Article 5221b–17(f), Vernon's Anno.Civ.Sts. The Commission filed its controverting affidavit alleging that suit was brought in Travis County under exception 30 of Article 1995, V.A.C.S., by authority of V.A.T.S. Tax.-Gen. Articles 1.04(1), 1.04(2), and Art. 5221b–12(b) expressly prescribing that venue and jurisdiction for suits to collect taxes shall be in Travis County.

After a hearing the trial court overruled defendants' plea of privilege, and defendants have appealed. We will affirm the trial court's judgment.

Appellants contend on appeal that because the Commission did not prove at the hearing that appellants were employers within the meaning of the unemployment compensation statutes, venue could not be maintained in Travis County, and the trial court should have ordered the cause removed to Dallas County.

The contention of appellants, in their plea of privilege, that they were not employers in the four years claimed by the Commission, constitutes a defense to the merits of the suit and is without bearing on the issue of venue. Under provisions of Article 1.04 all suits to collect delinquent state taxes and penalties, other than ad valorem taxes on property, must be brought by the attorney general, and "venue and jurisdiction of all [such] suits . . . is hereby conferred upon the courts of Travis County." Employer defaults in payment of contributions and penalties " . . . shall be collected by civil action in a District Court in Travis Coun-

**728**

ty, Texas . . . ." as prescribed by Article 5221b–12(b).

 We consider it settled that in instances where the Legislature has expressly prescribed that suits by the State shall be brought in Travis County, venue is determinable solely from the allegations of the petition filed by the State. Venue of any such suit is fixed by the statute and is not dependent upon proof of any extraneous fact. Harrington v. State, 363 S.W.2d 321 (Tex.Civ.App. Austin 1962, writ ref. n. r. e.) ; Oil and Products of Oil in Certain Pits in Gregg County v. State, 118 S.W.2d 618 (Tex.Civ.App. Austin 1938, no writ) ; Heard v. State, 149 S.W.2d 237 (Tex.Civ. App. Beaumont 1941, no writ) ; Yates v. State, 3 S.W.2d 114 (Tex.Civ.App. Austin 1928, no writ). See Gambill v. Town of Ponder, 494 S.W.2d 808, 811 (Tex.Sup. 1973) for comment on holding of this Court in Harrington v. State, *supra.*

In a collateral phase of this controversy, the Dallas Court of Civil Appeals in 1973 held that venue did not lie in Dallas County but in Travis County in matters dealing with liability for taxes. See Morrow v. Texas Employment Commission, 497 S.W. 2d 635 (Tex.Civ.App. Dallas 1973, writ dsmd.) in which the court agreed with the holding in Gulf Coast Business Forms, Inc. v. Texas Employment Commission, 493 S. W.2d 260 (Tex.Civ.App. Beaumont 1973, writ ref. n. r. e. in per curiam opinion, Tex., 498 S.W.2d 154).

Appellants rely on the holding of this Court in Shaw v. State, 345 S.W.2d 938 (Tex.Civ.App. Austin 1961, writ dsmd.) for the proposition that in the present case the Commission had the burden in the hearing on the plea of privilege to show that appellants were employers within the meaning of the statutes. In *Shaw* the party filing a plea of privilege was the husband of one of the defendants who had had her disabilities of coverture removed and was in fact an employer. This Court held that the husband was not a necessary party by reason of the wife having been emancipated, with the resulting right to sue and be sued in her own name. In *Shaw* this Court said, speaking through the same justice who wrote the opinion in *Harrington,* "It . . . clearly appears that appellant [the husband] was sought to be held, not as an employer, but as the husband of an employer. The suit, therefore, as to him, is not within the statutes . . . ." (345 S.W.2d 939, col. 2) The holding in *Shaw* is not in point under the facts of the present case.

The judgment of the trial court overruling appellants' plea of privilege is affirmed.