**Dennis WELKER, d/b/a Air Flow, Appellant,**

v.

**The STATE of Texas, et al., Appellees.**

**No. 13537.**

Court of Appeals of Texas, Austin.

March 3, 1983.

Richard L. Stanford, Stanford & Dunaway, Dallas, for appellant.

Mark White, Atty. Gen., Ben Harrison, Asst. Atty. Gen., Austin, for appellees.

Before PHILLIPS, C.J., and POWERS and GAMMAGE, JJ.

PHILLIPS, Chief Justice.

Appellant, Dennis Welker, d/b/a Air Flow, appeals a judgment of the district court which awards the State the recovery of delinquent employment contributions, interest, and penalties from appellant.

We reverse the judgment below and remand the cause for a new trial.

The State seeks recovery for delinquent employment contributions, interest, and penalties owed it by T & T Air Conditioning Company.[1] The State alleges appellant acquired all of the assets of T & T Air Conditioning Company, and as successor to the ownership of the company, pursuant to Tex. Rev.Civ.Stat.Ann. art. 5221b–12(o) (1971) owes the amount due the State by T & T Air Conditioning.[2] This amount had previously been reduced to judgment in a lawsuit brought by the State against T & T Air Conditioning Company.

Appellant, by his answer, specifically denied that he was an "employer" under the provisions of Tex.Rev.Civ.Stat.Ann. art. 5221b–17(f) (Supp.1982–83), and generally denied the State's allegations pursuant to Tex.R.Civ.P.Ann. 92 (1979). Appellant admits that he willfully chose not to "file a written denial, *under oath,* stating that such contributions, penalties, or interest are not due" as the State contends is required under Tex.Rev.Civ.Stat.Ann. art. 5221b–12(e) (1971).[3] The trial court, agreeing with the State's contention, entered a judgment for the State based on the State's proof—an affidavit attached to the State's pleadings stating that the amount of the employment contributions, interest, and penalties were rightfully owed the State by appellant, although incurred by T & T Air Conditioning Company.

Under the provisions of art. 5221b–12(e), the State makes a prima facie case against a named defendant when the State's petition is accompanied by an affidavit made by a representative of the Texas Employment Commission which states that, in the representative's knowledge, the contributions, interest, and penalties are due and that all offsets and payments have been credited to the amount owed to the State. The burden is then placed on the named defendant to file, before the announcement of ready for

1. The State is empowered to seek a recovery by Tex.Rev.Civ.Stat.Ann. art. 5221b–12(b) (1971) which states:

    (b) Collections: If, after notice, any employer defaults in any payment of contributions, penalties or interest thereon, the amount due shall be collected by civil action in a District Court in Travis County, Texas, in the name of the State and the Attorney General, and the employer adjudged in default shall pay the costs of such action; provided, however, that no court action shall be begun to collect contributions or penalties from an employer after the expiration of three (3) years from the due date of such contributions, except that, that in any case of a willful attempt in any manner to evade any of the provisions of the Unemployment Compensation Law or Commission rules or regulations promulgated thereunder, such action may be begun at any time.

2. Texas Rev.Civ.Stat.Ann. art. 5221b–12(o) (1971) states:

    Any individual or employing unit which acquired the organization, trade, or business, or substantially all of the assets thereof, of another which at the time of such acquisition was an employer subject to this Act and was indebted to the Commission for taxes, penalty, or interest shall all be liable to the Commission for prompt payment of such taxes, penalty, or interest and if not paid, *suit may be brought by the Commission for the collection of same as though the taxes, penalty, or*

*interest had been incurred by the successor employer.* [Emphasis added]

3. Texas Rev.Civ.Stat.Ann. art. 5221b–12(e) (1971) states:

    When an action is filed under the terms of subsection (b) of this Section 14 and is supported by a statement, report or audit, and the affidavit of a member of the Commission, a representative of the Commission, or the attorney representing the Commission, taken before some officer authorized to administer oaths, to the effect that the contributions, penalties or interest shown to be due by said statement, report, or audit are, within the knowledge of affiant, past due and unpaid and that all just and lawful offsets, payments, and credits have been allowed, the same shall be taken as prima facie evidence thereof, *unless the defendant in said action shall, before an announcement of ready for trial, file a written denial, under oath, stating that such contributions, penalties or interest are not due, in whole or in part, stating the particulars as to any part of said contributions, penalties or interest claimed to be not due; provided that when such counter-affidavit shall be filed on the day of the trial, the plaintiff shall have the right to postpone such cause for a reasonable time. When the defendant fails to file such affidavit, he shall not be permitted to deny the claim for contributions, penalties or interest, or any item thereof.* [Emphasis added]

trial, an affidavit in response which specifically denies those parts of the State's affidavit which the named defendant feels are incorrect. If the defendant fails to file this counter-affidavit, the statute expressly states that "he shall not be permitted to deny the claims for contributions, penalties or interest, or any item thereof."

We note the marked similarity between the operation of this statute and the workings of Tex.R.Civ.P.Ann. 185 (1979).[4] This rule, Suit on Sworn Account, employs the same prima facie presumption when a party, by affidavit, swears to the justness and accuracy of a claim on an open account. Under the rule, as under art. 5221b–12(e), the opposing party must specifically deny, under oath, those parts of the plaintiff's affidavit which the defendant believes are incorrect. If he fails to do so "he shall not be permitted to deny the claim, or any item therein, as the case may be." *See Rizk v. Financial Guardian Ins. Agency, Inc.,* 584 S.W.2d 860, 862 (Tex.1979); *Meaders v. Biskamp,* 316 S.W.2d 75, 78 (Tex.1958); *McCamant v. Batsell,* 59 Tex. 363, 367 (1883).

Generally under Rule 185, a defendant who fails to file a counter-affidavit, although generally precluded from challenging the accuracy or justness of that amount claimed in his opponent's affidavit, is *not* precluded from presenting other defenses to his alleged liability of the amount owed, if they are properly pleaded. *Rizk v. Financial Guardian Ins. Agency, Inc., supra* at 862; *Airborne Freight Corp. v. CRB Marketing, Inc.,* 566 S.W.2d 573, 574 (Tex.1978). One such defense is that the named defendant is a "stranger to the transaction." Both the statute and the rule require that the affiant have knowledge of the facts he or she swears to in the counter-affidavit challenging the plaintiff's verified accounting. If the plaintiff's affidavit shows that the debt was incurred by a third party, it can not be presumed that the defendant, as an apparent "stranger to the transaction," has knowledge of this debt; therefore, he can not swear to its accuracy or inaccuracy. To allow the defendant to do so would encourage "moral perjury." *McCamant v. Batsel, supra* at 371; *Boysen v. Security Lumber Co., Inc.,* 531 S.W.2d 454, 456 (Tex. Civ.App.1975, writ ref'd n.r.e.) (see authority listed therein).

The Supreme Court in *Sundance Oil Company v. Aztec Pipe and Supply Company,* 576 S.W.2d 780, 781 (1981) recently stated that if, in viewing the plaintiff's proof in a suit on a sworn account, a factual question or issue is presented on the affidavit's face, the proof is not considered prima facie proof of the debt; therefore, a sworn denial is not required to controvert or disprove any element of the account. This defect in the plaintiff's proof, having denied him his prima facie case, places the burden on the plaintiff to prove the existence of the debt by a preponderance of the evidence as in any other case.

---

**4.** Texas R.Civ.P.Ann. 185 (1979) states:

When any action or defense is founded upon an open account or other claim for goods, wares and merchandise, including any claim for a liquidated money demand based upon written contract or founded on business dealings between the parties, or is for personal service rendered, or labor done or labor or materials furnished, on which a systematic record has been kept, and is supported by the affidavit of the party, his agent or attorney taken before some officer authorized to administer oaths, to the effect that such claim is, within the knowledge of affiant, just and true, that is due, and that all just and lawful offsets, payments and credits have been allowed, the same shall be taken as prima facie evidence thereof, unless the party resisting such claim shall, before an announcement of ready for trial in said cause, file a written

denial, under oath, stating that each and every item is not just or true, or that some specified item or items are not just and true; provided, that when such counter-affidavit shall be filed on the day of the trial the party asserting such verified claim shall have the right to postpone such cause for a reasonable time. When the opposite party fails to file such affidavit, he shall not be permitted to deny the claim, or any item therein, as the case may be.

Both Rule 185 and art. 5221b–12 attempt to "streamline" the burden of the plaintiff in proving the justness of the debt he claims. It appears this is done to better focus the actual disputed facts between the parties and to avoid the use of valuable court time in the presentation of matters which most likely will not be contested.

Upon reviewing the State's affidavit, we find that "Account 640,116, Dennis Welker, d/b/a Air Flow" is listed as the "employer" owing the State the employment contributions, interest and penalties. But in further studying the State's affidavit, we find upon its face that another entity is listed as actually incurring the liability now sued for.[5] This entity is T & T Air Conditioning Company, appellant's alleged predecessor in ownership of appellant's alleged company. No proof is offered to connect appellant and T & T Air Conditioning Company. It appears that appellant is possibly a "stranger to the transaction."

■ Therefore, in applying the legal reasoning of the Supreme Court in Rule 185 cases to the cause before us, which we feel is only logical to do, it appears that a factual issue or question is raised upon the face of the State's proof—who actually owes the State the amount shown on the face of the State's affidavit; and accordingly, the defendant is *not* precluded, by the failure of filing a counter-affidavit, from controverting or disproving that he owes the amount or that the amount alleged as due is accurate. *Sundance Oil Company v. Aztec Pipe and Supply Company, supra* at 781.

■ Accordingly, since the State's own proof denies the State its prima facie case against appellant, and since appellant generally denied all of the State's allegations and specifically denied that he was an "employer" under the provisions of the statute; we hold that the trial court erred in not requiring the State to prove by a preponderance of the evidence all of its allegations, and in refusing appellant the opportunity to affirmatively prove that he was not an "employer" as defined by art. 5221b–17(f); and therefore, not liable under the provisions of art. 5221b–12(*o*).

We reverse the judgment of the trial court and remand the cause for a new trial.

**5.** The affidavit states that "liabilities [were] incurred under Article 5221b under judgment in Cause No. 279,419, 261st District Court of Travis County, Account No. 613,047, T & T Air Conditioning, Inc."