**STATE of Texas, Appellant,**

v.

**Michael W. ARMSTRONG, d/b/a Mike's Plumbing, Appellee.**

**No. 3–91–051–CV.**

Court of Appeals of Texas, Austin.

March 4, 1992.

David Randell, Asst. Atty. Gen., Austin, for appellant.

No Appellee's Brief filed.

Before CARROLL, C.J., and ABOUSSIE and KIDD, JJ.

CARROLL, Chief Justice.

The State of Texas seeks to recover unemployment tax contributions due from Michael Armstrong d/b/a/ Mike's Plumbing. The district court entered a take-nothing judgment against the State, concluding that the tax obligation was discharged by Armstrong's bankruptcy. We will reverse the judgment of the district court and render judgment favoring the State.

### THE CONTROVERSY

The facts of this case are undisputed. In 1987 Armstrong petitioned for chapter 7 bankruptcy protection and obtained a discharge of his debts. At the time he filed for bankruptcy, Armstrong owed $1434.81

in unemployment taxes due on wages paid to his employees during 1984. In defense of this tax suit, Armstrong argued that the tax debt had been discharged by the bankruptcy. The trial court agreed and rendered a take-nothing judgment against the State.

## DISCUSSION AND HOLDING

■ The State first argues that their motion for judgment on the pleadings should have been granted because the defendant failed to submit a sworn affidavit denying that the tax contributions were due, as required by Tex.Rev.Civ.Stat.Ann. art. 5221b–12(e) (1987). Under that provision, the State makes a prima facie case against a defendant when the State's petition is accompanied by an affidavit made by a representative of the Texas Employment Commission verifying that the contributions are due.

Once the State has met its burden, as it has here, the defendant must then submit, before trial, a sworn affidavit stating with particularity that such contributions are not due in whole or in part. If the defendant fails to file such an affidavit, the article states that "he shall not be permitted to deny the claim for contributions." Tex.Rev.Civ.Stat.Ann. art. 5221b–12(e) (1987).

■ The district court rejected the State's contention that Armstrong had to file an article 5221b–12(e) affidavit in order to correctly plead the affirmative defense of discharge in bankruptcy. We agree.

In *Welker v. State*, 647 S.W.2d 767 (Tex. App.1983, no writ), the court noted the similarity between the function of article 5221b–12(e) and that of Tex.Cr.Civ.P.Ann. 185 (1979). Then, in reviewing Texas Supreme Court decisions construing Rule 185, the *Welker* court concluded that "a defendant who fails to file a counter-affidavit, although generally precluded from challenging the accuracy or justness of that amount claimed in his opponent's affidavit, is *not* precluded from presenting other defenses to his alleged liability of the amount owed, if they are properly pleaded." *Id.* at 769 (emphasis in original).

The affirmative defense of discharge in bankruptcy is not a direct attack on the "accuracy or justness" of the amount allegedly due. Thus, failure to file a sworn affidavit under article 5221b–12(e) does not preclude pleading the affirmative defense of bankruptcy. Accordingly, we overrule this point of error.

■ Next, the State argues that the district court erred in ruling that Armstrong's bankruptcy discharged his unemployment tax obligations. In *In re Pierce*, 935 F.2d 709 (5th Cir.1991), the Fifth Circuit Court of Appeals, interpreting sections 507(a)(7) and 523(a)(1) of the Bankruptcy Code, ruled that unemployment taxes on wages earned less than three years before the date of bankruptcy filing are nondischargeable in bankruptcy. The tax payments in dispute in this cause came due in the quarters beginning May 1984 through February 1985. Armstrong filed his bankruptcy petition on March 30, 1987, and the bankruptcy court granted discharge on July 16, 1987. Thus, according to *In re Pierce*, Armstrong's taxes are not dischargeable in bankruptcy.

We reverse the trial court judgment and render judgment in favor of the State for $1434.81.