Vickers v. State 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-92-532-CV





GLEN W. VICKERS,



 APPELLANT


vs.





STATE OF TEXAS, AND THE ATTORNEY GENERAL OF TEXAS,


ON BEHALF OF THE TEXAS EMPLOYMENT COMMISSION,



 APPELLEES


 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT



NO. 91-9546, HONORABLE JERRY DELLANA, JUDGE PRESIDING



 





PER CURIAM



 This appeal arises from a suit to collect unemployment compensation contributions. 
Tex. Rev. Civ. Stat. Ann. arts. 5221b-1-24 (West 1987 & Supp. 1993) (Act). The State of Texas,
on behalf of the Texas Employment Commission, sued appellant Glen Vickers for delinquent
contributions, penalties, and interest due from the second calendar quarter of 1987 to the first
quarter of 1991. Act, art. 5221b-12 (West 1987 & Supp. 1993). The district court rendered a
summary judgment for the State, from which judgment Vickers appeals. We will affirm the
district court's judgment.

 To review the district court's summary judgment, we apply well-established
standards: (1) The movant for summary judgment has the burden of showing that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law; (2) in deciding
whether there is a disputed material fact issue precluding summary judgment, evidence favorable
to the nonmovant will be taken as true; and (3) every reasonable inference must be indulged in
favor of the nonmovant and any doubts resolved in its favor. Nixon v. Mr. Property Management
Co., 690 S.W.2d 546, 548-49 (Tex. 1985).

 In point of error one, Vickers asserts that the State failed to prove as a matter of
law that his workers were employees rather than independent contractors. In point two, Vickers
argues that the State's summary-judgment proof does not conclusively establish its right to
judgment. Because these points raise interrelated issues, we will consider them together. The
State alleged in its original petition that Vickers was an employer required to pay unemployment
contributions on his employees. Attached to the State's petition was a statement showing the
delinquent unemployment contributions due by "[e]mployer: Glen W. Vickers." A representative
of the Commission certified this statement. 

 In an action to collect unemployment contributions, the State makes a prima-facie
case if it supports its claim with a statement certified by the Commission showing the
contributions due. Act, art. 5221b-12(e) (West Supp. 1993). To controvert the State's prima-facie evidence, a defendant must file a sworn denial; failing to file the denial precludes a
defendant from denying the State's claim for contributions. Id. A defendant's contention that he
was not an employer in the years claimed is a defense to the merits of the State's suit. Morrow
v. State, 509 S.W.2d 726, 727 (Tex. Civ. App.--Austin 1974, no writ).

 Based on the strong similarity of article 5221b-12(e) of the Act to the rule
governing suits on sworn account, this Court has relied on sworn-account procedure to determine
the correct procedure under the Act. Tex. R. Civ. P. 185; State v. Armstrong, 825 S.W.2d 785,
786 (Tex. App.--Austin 1992, no writ); Welker v. State, 647 S.W.2d 767, 769-70 (Tex.
App.--Austin 1983, no writ). A defendant sued on a sworn account who wishes to contest the
justness or accuracy of the account, or its chargeability to him, must deny the account under oath. 
 Rule 185. The defendant must further file his sworn denial in the answer; an affidavit opposing
the plaintiff's motion for summary judgment is not an effective denial under Rule 185. Brightwell
v. Barlow, Gardner, Tucker & Garsek, 619 S.W.2d 249, 253 (Tex. Civ. App.--Fort Worth 1981,
no writ); Zemaco, Inc. v. Navarro, 580 S.W.2d 616, 620 (Tex. Civ. App.--Tyler 1979, writ
dism'd). If the defendant fails to deny the account as the rule requires, the plaintiff can obtain
summary judgment on the pleadings, without submitting additional summary-judgment proof. 
Hidalgo v. Surety Sav. and Loan Ass'n, 462 S.W.2d 540, 543, n.1 (Tex. 1971); Special Marine
Prods., Inc. v. Weeks Welding & Constr., Inc., 625 S.W.2d 822, 827 (Tex. App.--Houston [14th
Dist.] 1981, no writ); Brightwell, 619 S.W.2d at 253.

 Here, the State's certificate supplied prima-facie evidence that the amount of tax
it sought was just and that Vickers was the employer who owed the tax. Vickers did not file a
sworn answer to the State's petition. Vickers instead filed an affidavit opposing the State's motion
for summary judgment in which he related the facts he relied on to deny that he was an employer. 
Analogizing article 5221b-12(e) to the rule governing sworn accounts, however, we determine that
Vickers failed to file an effective sworn denial. The State was therefore entitled to summary
judgment for the amounts stated in the certificate without filing any additional summary-judgment
proof.

 Vickers claims that not all years for which the State sought contributions are subject
to the most recently amended version of article 5221b-12(e). When the legislature amended article
5221b-12 in 1989, it provided different effective dates for different sections. The specific
enactment amending section (e) states that it is effective on May 15, 1989. Act of April 27, 1989,
71st Leg., ch. 97, § 3, 1989 Tex. Gen. Laws 425, 426. Absent any provision to the contrary,
this procedural enactment controls litigation from its effective date. Cooper v. State, 769 S.W.2d
301, 306 (Tex. App.--Houston [1st Dist.] 1989, pet. ref'd); see, e.g., Texas Dep't of Health v.
Long, 659 S.W.2d 158, 160 (Tex. App.--Austin 1983, no writ); Texas Employment Comm'n v.
Bell Helicopter Internat'l, Inc., 627 S.W.2d 524, 526 (Tex. App.--Fort Worth 1982, writ ref'd
n.r.e.). Having filed its original petition on July 8, 1991, the State correctly used the procedure
mandated by article 5221b-12(e), as amended in 1989, to seek the contributions it alleged were
due from the second quarter of 1987 to the first quarter of 1991. We overrule points one and two.

 In points of error three through five, Vickers raises constitutional arguments against
the trial court's grant of summary judgment. The avoidance of a cause of action based on a
statute's unconstitutionality is an affirmative defense. Leckey v. Warren, 635 S.W.2d 752, 753
(Tex. App.--Corpus Christi 1982, no writ); United States Reading Lab, Inc. v. Brockette, 551
S.W.2d 531, 532-33 (Tex. Civ. App.--Austin 1977, no writ). As a summary-judgment respondent
asserting an affirmative defense, Vickers had the burden to expressly present, in his written
response, his reasons for avoiding the State's entitlement to summary judgment and to present
proof raising a fact issue on his affirmative defense. Tex. R. Civ. P. 166a(c); City of Houston
v. Clear Creek Basin Auth., 589 S.W.2d 671, 678 (Tex. 1979); Seale v. Nichols, 505 S.W.2d
251, 254 (Tex. 1974); "Moore" Burger, Inc. v. Phillips Petroleum Co., 492 S.W.2d 934, 936-37
(Tex. 1973).

 In his response to the State's motion for summary judgment, Vickers stated two
constitutional arguments: (1) article 5221b-17(g) is unconstitutional as written and as applied to
him; (2) the State's application of article 5221b to him unconstitutionally applies taxes in a manner
that is not equal and uniform. Vickers presented no argument beyond these statements. His
summary-judgment proof consists of an affidavit explaining the responsibility of the drivers he
hired in his trucking business and a sample contract he used to hire the truck drivers.

 In point of error five, Vickers argues that the Act violates article eight, section two
of the Texas Constitution because it imposes an occupation tax that does not apply uniformly to
all independent contractors. Rather than imposing an occupation tax, the Act imposes a tax in the
nature of an excise tax. Friedman v. American Sur. Co., 151 S.W.2d 570, 576 (Tex. 1941);
Guinn v. State, 551 S.W.2d 783, 788 (Tex. Civ. App.--Austin 1977, writ ref'd n.r.e.). Vickers
bases his argument for non-uniformity on the assumption that the truck drivers he hired were
independent contractors and urges that if his drivers subject him to the Act, all independent
contractors must subject those who hire them to the Act. Vickers' failure to file a sworn denial,
however, precluded him from offering proof that the drivers he hired were independent
contractors. Without this proof, Vickers could not raise a fact issue on the affirmative defense
that he was subject to non-uniform taxation. We overrule point five.

 In point of error three, Vickers asserts that article 5221b-17(g) is unconstitutional
as written and as applied. Act, art. 5221b-17(g) (West 1987 & Supp. 1993). Vickers argues
under this point that the Act delegates power to the Texas Employment Commission to distinguish
between employees and independent contractors without providing sufficient standards for making
that distinction. The constitutional violations entailed, he asserts, include an arbitrary invasion
of privacy and contractual rights, deprivation of property without due process of law, deprivation
of equal protection of law, and taxation that is not uniform in violation of article eight, section two
of the Texas Constitution. The constitutional arguments in Vickers' response to the summary-judgment motion neither fairly apprised the State and the trial court of the nature of his arguments
on appeal nor showed how the statute applied unconstitutionally in his circumstances. E.g., I.P.
Farms v. Exxon Pipeline Co., 646 S.W.2d 544, 545 (Tex. App.--Houston [1st Dist.] 1982, no
writ). Although Vickers stated in his response that the State unconstitutionally applied article
5221b to him in a non-uniform manner, he did not raise a fact issue through proof that he was
treated differently than other similarly situated taxpayers. We overrule point three.

 In point four, Vickers argues that the Texas Employment Commission's
adjudication of the contractual relations between Vickers and the truck drivers he hired is void. 
He contends that the Act does not expressly empower the Commission to determine parties'
contractual relations, does not supply a substitute system of rights and remedies for those enforced
through the common law of contracts, and does not state criteria for distinguishing between
independent contractors and employees. Vickers did not expressly present this argument to the
trial court in his response to the State's summary-judgment motion. See Tex. R. Civ. P. 166a(c);
City of Houston, 589 S.W.2d at 678. Further, Vickers did not present proof to show that any
determination by the Commission affected him, thus failing to raise a fact issue. We overrule
point four.

 We affirm the judgment of the trial court.


Before Justices Powers, Jones and Kidd

Affirmed

Filed: October 20, 1993

Do Not Publish